SCHOOL DISTRICT NUMBER SIX, CASS COUNTY, V. BLANCHE TRAVER.

FILED JANUARY 17, 1895.   No. 6193.

1. **School Districts:** APPEAL BONDS. When a school district appeals to the district court from a judgment rendered by a justice of the peace, it must enter into an appeal bond as required by section 1007 of the Code of Civil Procedure.

2. ——: ——: ——. The giving of such bond, within the time prescribed by statute, is necessary to confer jurisdiction of the appeal upon the appellate court.

3. **Constitutional Law**: RIGHT OF APPEAL. The constitutional provision which declares that "the right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied," does not prohibit the legislature from prescribing reasonable rules and regulations for the review of a cause by appeal, such as requiring a bond to be given.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*H. D. Travis,* for plaintiff in error, cited: *People v. Supervisors of Marin County,* 10 Cal., 344; *Dollar Savings Bank v. United States,* 19 Wall. [U. S.], 227; *People v. Gilbert,* 18 Johns. [N. Y.], 227; *Commonwealth v. Brice,* 22 Pa. St., 211; *Cole v. White County,* 32 Ark., 45; Angell & Ames, Corporations, sec. 24; *Commissioners of Hamilton County v. Mighels,* 7 O. St., 109; *State v. Brewer,* 64 Ala., 287; *People v. Clingan,* 5 Cal., 391; *McClay v. City of Lincoln,* 32 Neb., 421.

*Beeson & Root, contra,* cited: *Townsend v. Smith,* 72 Am. Dec. [N. J.], 403; *Haight v. Gay,* 68 Am. Dec. [Cal.], 323; *Fitzgerald v. Brandt,* 36 Neb., 683; *May v. School District,* 22 Neb., 205; *Western Lunatic Asylum v. Miller,* 29 W. Va., 326; *Logan County v. City of Lincoln,* 81 Ill., 156; *People v. Stephens,* 71 N. Y., 549; *Nebraska R. Co. v. Van Dusen,* 6 Neb., 160.

NORVAL, C. J.

This action was commenced before a justice of the peace, by Blanche Traver against school district No. 6, in Cass county, to recover damages for a breach of contract of employment as school teacher. Judgment was rendered against the school district for the sum of $105, on July 9, 1892. A transcript of the proceedings was filed by the defendant in the district court for the purpose of taking an appeal, but no appeal undertaking was given. On

motion of the plaintiff the district court dismissed the appeal, for the reason no appeal bond had been executed and filed. To reverse this judgment the defendant brings the cause here by petition in error.

The only question presented for determination is whether the plaintiff in error was required to enter into an appeal bond in order to entitle it to prosecute an appeal from the judgment of the justice of the peace to the district court?

Section 1006 of the Code of Civil Procedure, relating to appeals from justice courts to district courts, provides: "In all cases, not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace, to the district court of the county where the judgment is rendered."

Section 1007 declares: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of judgment and costs, conditioned: First—That the appellant will prosecute his appeal to effect and without unnecessary delay. Second—That if judgment be adjudged against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant."

By the section first above quoted an appeal is authorized to be taken in every case unless otherwise expressly provided by statute, and by the last section the appellant, in order to perfect an appeal, is required to give an appeal bond or undertaking within a specified time after the rendition of judgment. Appeals are regulated entirely by statute. Section 1007 of the Code is peremptory in its language, and does not allow an appeal from a justice of the peace to the district court in any case unless the prescribed requisites be complied with by the appellant,—one of which is that he shall enter into an undertaking. The statute is

mandatory. The giving of the appeal bond is essential to confer jurisdiction of the cause upon the appellate tribunal. Counsel for plaintiff in error concedes this to be the general rule, but it is insisted that the state, counties, and school districts are not subject to the provisions of said section, and, therefore, the plaintiff in error was not required to give bond in order to take an appeal. Decisions are to be found to the effect that a state cannot be denied a hearing in its own courts by appeal because no appeal undertaking was given, unless it is prohibited from so doing by legislative enactment. In other words, statutes general in their purpose and scope do not restrict the state, because of its sovereignty, unless such intention is clearly expressed therein. Whether the state is required to give a bond in order to have a cause reviewed in a higher court we will not stop to consider, since the question does not arise in the case before us. If such rule exists, it has no application to school districts. They may sue and be sued, and are governed by the same law regulating appeals as the citizen. In *May v. School District*, 22 Neb., 205, this court held that while the lapse of time does not bar the right of the state, the statute of limitations runs against school districts in the same manner as it does against individuals. By parity of reasoning the law applicable to appeals governs school districts and citizens alike. The statute relating thereto makes no exceptions in favor of school districts, and the courts have no right to ingraft one by judicial interpretation. That would be legislation which belongs exclusively to another department of the state government.

Attention is called by counsel to section 24, article 1, of the constitution, which provides that "the right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." While the legislature is powerless to take away the right guarantied by the constitution to a party to have his cause reviewed in the court of last resort by appeal or error, yet it is not prohibited

from prescribing reasonable rules and regulations for such review, such as requiring the appellant to give a bond. The district court did not err in dismissing the appeal, and the judgment is the.efore

AFFIRMED.