PETER SCHMIDT, APPELLEE, V. CATHERINE M. BOYLE ET AL., APPELLANTS.

FILED APRIL 8, 1898. No. 9726.

Right of Appeal: CONSTITUTIONAL LAW: HEARING IN APPELLATE COURT. The constitutional provision which declares that "the right to be heard in all civil cases in the court of last resort by appeal, error, or otherwise, shall not be denied," does not prevent this court from prescribing such reasonable rules as are deemed essential to the prompt and orderly disposition of causes brought here for review, nor is the refusal to permit oral arguments violative of the constitution.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*T. J. Mahoney,* for appellants.

*V. O. Strickler, contra.*

PER CURIAM.

This is an appeal from an order of the district court of Douglas county confirming the sale of real estate. The submission is upon the motion of appellee to affirm under section 3 of rule 2 of this court (52 Neb. x), which reads as follows: "At any time after the expiration of the time allowed for the service of briefs by the plaintiff in error or appellant, the defendant in error or appellee may move for an affirmance on the ground that the proceedings are without merit and taken for delay. In order to do so he shall cause the record to be printed, according to the form prescribed for the printing of briefs, and file with the clerk ten copies thereof, together with the professional certificate of his counsel to the effect that he is familiar with the record, that it presents no question of law which has not been settled by past adjudications of this court, and no question of fact demanding serious consideration, and that he believes the proceedings are taken solely for delay. On the filing of such motion, printed records, and certificate, the cause will be submitted without argument, and on the record and briefs of the plaintiff in error or appellant alone. If on examination the court be satisfied that the motion is well taken, the judgment will be affirmed. If on examination the record be found to present any question of law or fact as to the proper decision whereof the court entertains a doubt, the motion will be overruled, and the cause will be remanded to its proper place on the docket for hearing in its regular order. A certificate of counsel willfully false will be deemed an act of professional misconduct and dealt with accordingly. This rule shall apply to causes now pending as well as to those hereafter docketed." Appellee has complied with the foregoing provisions by causing the record to be duly printed, and the requisite number of copies

thereof to be filed with the clerk, accompanied with the proper certificate of counsel.

The sole ground urged upon our attention for reversal is that the value placed upon the property by the appraisers was so low as to constitute a fraud upon the rights of the defendants. This question was submitted to the district court and by it decided upon conflicting evidence. Applying the frequently asserted rule that a finding based upon conflicting proof will not be disturbed upon review, the order assailed must stand.

Counsel for defendants, in the brief filed, assails the section of the rule copied above, and protests against the enforcement thereof on the ground that his clients are thereby denied the right on appeal to be heard in the court of last resort. It is this suggestion alone which has prompted the preparation of this opinion, as motions to affirm, made under the rule in question, ordinarily will be disposed of by the court without the filing of an opinion. Section 24 of the bill of rights is as follows: "The right to be heard in all civil cases in the court of last resort by appeal, error, or otherwise, shall not be denied." This provision was before the court in *Moise v. Powell*, 40 Neb. 671, where it was held that the section guarantied to every litigant the right to be heard in the supreme court, not necessarily by appeal, but in that mode, by error, or some other appropriate proceeding. Further, that a statute does not prevent a party from being heard in the court of last resort, by forbidding an appeal to the district court, since it merely takes away one method of review, leaving available another adequate remedy. To the same effect is the *Chicago, B. & Q. R. Co. v. Headrick*, 49 Neb. 286. In *School District v. Traver*, 43 Neb. 524, it was decided that said constitutional provision did not prohibit the legislature from enacting reasonable rules and regulations for the review of a cause in this court by appeal. It is very evident that while the constitution bestows the right to a hearing in the highest court of the state, it does not undertake to regulate the method of pro-

cedure therefor. So long as the mode provided for review is adequate, the requirements of the fundamental law are satisfied. The constitutional provision quoted does not prohibit this court from prescribing such reasonable rules and regulations as are deemed essential to the prompt and orderly disposition of causes brought here by appeal or on error, nor does it forbid the denial of an oral argument in the cause. The word "heard" was not employed by the framers of the constitution to indicate that an oral presentation of a controversy to the court should not be refused, but was intended in the sense of review; in other words, the right to review in all civil cases in the court of last resort by appeal, or error, or otherwise, should not be denied. The rule of court criticised was not framed with reference to any particular class of causes or litigants, but was adopted for the sole purpose of relieving our crowded docket of the many cases brought here for delay merely, so that meritorious actions pending and to be brought herein may be the more promptly reached and determined. The rule is within the letter and spirit of section 13 of the bill of rights, which requires all courts to administer justice without denial or delay. Causes submitted under said rule are not disposed of in a summary manner, but are carefully considered on their merits, assisted by whatever brief or printed argument may be presented by the party bringing the record here. Thus a hearing is accorded the appellant or plaintiff in error, while, in the same sense, no such privilege is given the other party. The appellee or defendant in error, as the case may be, if not satisfied with the rule, need not invoke its provisions. In the present appeal there is no error, and the motion to affirm is accordingly sustained.

AFFIRMED.