IN RE GUARDIANSHIP OF MICHAEL LANGDON.
WILLIAM KIERNAN LANGDON ET AL., APPELLEES, ·V.
MARGARET LANGDON, GUARDIAN, APPELLANT.

FILED MAY 4, 1918. No. 20023.

Appeal: SUPERSEDEAS BOND. Under section 1528, Rev. St. 1913, an executor, administrator or guardian or guardian *ad litem* is not required to give bond on appeal when the appeal is taken in his representative capacity for the benefit of the estate, or the ward; but when the appeal is taken in furtherance of his individual interests he must give bond like other suitors.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. J. Doyle* and *John J. Ledwith,* for appellant.

*Anthony E. Langdon, William R. Patrick,* and *D. A. Murphy, contra.*

MORRISSEY, C. J.

Defendant was duly appointed guardian of the person and estate of her husband, insane. As such guardian a large amount of property came into her hands. Subsequently her ward died intestate, leaving defendant and an incompetent son as his sole heirs. Many years went by without her making any account of her doings as such guardian. This suit was instituted for the purpose of compelling an accounting and recovering the amount due the son. The county court entered a decree directing her to pay over the amount found to be due the son, to wit, $10,688.78. Defendant undertook to prosecute an appeal to the district court, but gave no supersedeas bond. On motion of plaintiff the appeal was dismissed. From the order of dismissal, defendant prosecutes this appeal.

"An executor, administrator, guardian, or guardian *ad litem* shall not be required to enter into bond in order to enable him to an appeal." Rev. St. 1913, sec. 1528. The appeal is based upon the foregoing provisions of the statute. We are firmly committed to the doctrine that it does not apply to appeals not prosecuted in the interest of the estate. It means only that executors, administrators and guardians are not required to give bond when they appeal in their representative capacity. When they appeal to protect individual interests, they should give the same bond that is required of other litigants. *In re Estate of Craig,* 101 Neb. 439; *In re Williams,* 97 Neb. 726, and cases cited therein. The judgment is against defendant, not against the estate; she is the only person interested in the appeal, and she is not entitled to prosecute the same without giving the bond.

The judgment is

AFFIRMED.

SEDGWICK, J., not sitting.