NICK PAPER, APPELLEE, V. J. L. GALBRETH, APPELLANT.

FILED JUNE 29, 1931. No. 27828.

*Bernard McNeny, J. S. Gilham* and *L. A. Sprague,* for appellant.

*Burkett, Wilson, Brown, Wilson & Van Kirk* and *H. A. Brubaker, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and PAINE, JJ.

GOSS, C. J.

At the close of the evidence the court sustained the motion of the plaintiff to direct a verdict against the defendant, who has appealed.

This is an action by plaintiff to recover the balance alleged to be due on a written contract between the seller and purchaser of a $2,500 Biophone Reproducer. This balance of $1,162.50 and interest is claimed on certain payments described in the contract and evidenced by promissory notes executed by the purchaser to cover that portion of the total purchase price not paid in cash when the contract was made. The petition appropriately pleaded the contract and defaults of payment.

The defendant answered, charging the plaintiff with fraud in the inception of the contract, in this, that the plaintiff represented to the defendant that the reproducer was a good machine, in perfect order and, as such, was capable of doing the work of a good talking machine in a satisfactory manner; that defendant purchased the article in entire reliance upon said representations; that said statements were false and said article was not capable of doing the work of a good talking machine in a satisfactory manner and was worthless to the defendant; that when plaintiff made the said representations to defendant he knew they were false in the aforesaid respects; that when he discovered the falsity of the representations, but after he had paid $1,337.50 to plaintiff on the contract, defendant rescinded the contract and offered to return to plaintiff the article, but plaintiff refused to accept it; and that defendant has thus been damaged in the sum of $1,337.50, for which, with costs, he asks judgment.

Plaintiff replied, admitting the $1,337.50 paid, otherwise

denying the allegations of the answer, and pleaded as an estoppel that defendant used the reproducer from its delivery, about March 7, 1929, until he ceased to pay thereon, about October 28, 1929, without complaint of any kind.

The sale was made and the contract entered into on behalf of plaintiff by his salesman, E. A. Harms, between whom and defendant all dealings were had. The contract contained this clause: "It is further understood and agreed that no other agreement, oral or written, expressed or implied, shall limit or qualify the terms of this contract."

On the trial it was sought to prove by the defendant, as a witness, through questions and by offers of proof, the fraud in the contract as alleged in his answer. The defendant was asked: "What was said by Harms to you about this machine?" This was objected to as incompetent, irrelevant and immaterial, and as tending to modify a written contract, specifically containing the clause we have quoted in the preceding paragraph. Plaintiff's objection was sustained, as was a like objection by plaintiff to an offer to prove by defendant the elements of the fraud pleaded in the answer. In effect this precluded defendant from making any defense. Assignments of error necessary to review the rulings and judgment of the court were duly made.

That fraud in the inception of a contract is a defense to its enforcement needs no citation of authority. The material and necessary elements in such a case were duly pleaded. *Peterson v. Schaberg,* 116 Neb. 346, and cases cited. The attack of a written instrument for fraud is a well-recognized exception to the general rule prohibiting the introduction of parol evidence to alter or contradict the terms of a writing. 27 C. J. 52. "It is well established that, as fraud vitiates everything which it touches, parol evidence is always admissible to show, for the purpose of invalidating a written instrument, that its execution was procured by fraud, or that, by reason of fraud,

it does not express the true intention of the parties. The rule in this respect is not rendered inapplicable by the fact that the writing contains a recital to the effect that all agreements between the parties are contained therein, or a provision that no verbal agreements affecting its validity will be recognized." 22 C. J. 1215. See *Stroman v. Atlas Refining Corporation,* 112 Neb. 187; *Martin v. Harris, ante,* p. 372. "The defense of fraud and want of consideration may be shown by parol, not to contradict or vary, but to destroy the legal and binding effect of a written contract." *Minneapolis Threshing Machine Co. v. Otis,* 78 Neb. 233.

Plaintiff cites certain statutes and authorities to support his argument that the representations alleged were warranties, that the defendant retained the instrument an unreasonable time without intimating to plaintiff that he had rejected it (Comp. St. 1929, sec. 69-448), and that, as a matter of law, he is estopped from setting up fraud as a defense or for affirmative relief. The trial court evidently took this view in refusing to allow the defendant to testify in support of his pleading alleging his theory of fraud in the inception and procurement of the contract. The short way to have raised this question was by a demurrer to the answer, without waiting to complete the pleadings, impanel a jury and try the case. The defense was bottomed on fraud and deceit by means of false representations as to an existing fact. We are unable to agree that this could be decided against defendant without hearing what the evidence was in support of this issue. We are of the opinion that the court erred in sustaining the objection to the testimony of the defendant and in ordering the jury to return the verdict against the defendant.

The judgment is reversed and the cause remanded.

REVERSED.