NICK PAPER, APPELLANT, V. J. L. GALBRETH, APPELLEE.

FILED OCTOBER 21, 1932. NO. 28263.

*Burkett, Wilson, Brown, Wilson & Van Kirk,* for appellant.

*Bernard McNeny, J. S. Gilham* and *L. A. Sprague,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

An action was instituted by Nick Paper in the district court for Nuckolls county to recover on certain promissory notes given in payment of a biophone reproducer, sold to J. L. Galbreth, who conducts a picture show business at Superior, Nebraska.

The suit was for the balance due and unpaid on the purchase price of $2,500. Deceit and misrepresentations were set out in the answer, which the jury must have believed were fully proved by the evidence, as the jury denied the plaintiff relief and returned a verdict for $1,-420.59 against him. An appeal therefrom was taken to this court by the plaintiff.

The case has been before this court a number of times. In the first trial in the district court, the trial judge instructed the jury to return a verdict against the defendant. Upon appeal to this court, an opinion by Chief Justice Goss was released June 29, 1931, which set out all of the material facts involved in the case and reversed the judgment of the district court and remanded the cause for a new trial, which opinion is found in 121 Neb. 454. A new trial was had in the district court, beginning October 29, 1931, at the conclusion of which the jury returned a verdict for the defendant in the sum of $1,420.-59, and upon January 19, 1932, transcript thereof was filed in this court. Upon March 9, 1932, argument was made to this court, asking this court to dismiss the appeal on the ground that no cost bond had been filed within 90 days, as provided by section 20-1914, Comp. St. 1929, and this motion was by this court sustained. There-

after, upon April 16, 1932, the above order, sustaining said motion, was vacated, and appellant was allowed to file a bond, and briefs were filed and said case was argued at length to this court upon October 5, 1932, at which time there was also argued a new motion of the appellee, properly served, asking for a rehearing upon the original motion, filed March 5, 1932, asking for the dismissal of this cause on the ground that no bond for costs had been filed by the appellant within three months after judgment was rendered in the cause in the district court.

Much stress was laid in the reargument to the question whether a cost bond, provided in section 20-1914, Comp. St. 1929, is jurisdictional. This question was argued at the same time as the main case, and is here for disposition.

It is provided in section 24, art. I of the Bill of Rights: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." And this provision must be considered by the court in passing upon all questions relating to appeals.

Section 20-1914, Comp. St. 1929, provides generally that no appeal shall be allowed unless the appellant shall within three months file in the district court a bond or undertaking, as therein provided. This court has recently held, where the bond was not filed as required by this statute: "Where such bond is not filed as provided, the appeal may be, meaning must be, dismissed." *Greb v. Hansen, ante,* p. 426, in which case a complete discussion of this question is set out, and the same need not be here repeated.

Motion for dismissal is hereby sustained for failure to give security within the time required.

DISMISSED.