IN RE ESTATE OF CHARLES D. MATHEWS.
GLEN W. MATHEWS, APPELLANT, v. W. T. BARSTOW ET AL.,
APPELLEES.

FILED DECEMBER 29, 1933. NOS. 28714, 28972.

*Charles E. Matson,* for appellant.

*Stewart, Stewart & Whitworth, J. W. Kinsinger* and *H. C. Henderson, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

EBERLY, J.

At the argument in this tribunal two cases were submitted together by agreement of the parties. The cases have identical titles; the first one bears number 28714, the second 28972, and by these numbers they will be referred to in this opinion.

The facts from which these controversies arise, as disclosed by the record in number 28714, may be epitomized as follows: Charles D. Mathews, a resident of Lancaster county, Nebraska, died in 1922 testate. His last will was admitted to probate in the county court of Lancaster

county on October 18, 1922, and letters testamentary were duly issued to Glen W. Mathews as executor named in the will on November 15, 1922, who thereupon qualified as provided by law. Without enumerating or considering the successive steps of the administration of this estate, it may be said that the "final report" and the "supplemental final report" of Glen W. Mathews, executor of the estate, together with objections thereto on the part of W. T. Barstow and the City National Bank, both creditors of the estate, were finally submitted to the county court of Lancaster county. On June 29, 1932, after a trial, these objections of creditors were in effect sustained and the account of Glen W. Mathews as executor was, by the order of the county court, "surcharged on account of devastavits and waste committed by him with respect to assets of the estate which have come into his possession as executor and with respect to the collection of assets and sums due the estate converted to his own use or transferred without consideration to others, or which he has failed and refused to account for." These aggregate the sum of $52,855.19, and are itemized in this order, which also contained the following: "Without affecting the finality in other respects of this decree and order, the court finds that determination should be reserved and made at a later date, or at the time the matter of distribution is before the court, of the following matters: (a) Whether the applicant, the City National Bank, has now a valid or enforceable claim against this estate or is entitled to receive dividends as a creditor. (b) Whether the executor should be charged in his accounts on account of the sale of the shares of the capital stock of the Continental Mortgage & Land Company owned by this estate. (c) Whether the executor should be further charged in his accounts because of the payment to Mrs. T. C. Sime on December 8, 1923, of $2,123.05. Wherefore, it is ordered, adjudged, and decreed that the executor's application for the approval of his report and for his discharge and the release of his surety should be and

hereby is denied. It is further ordered, adjudged, and decreed that the accounts of Glen W. Mathews as executor of the estate of Charles D. Mathews, deceased, should be and they hereby are charged and surcharged with the total sum of $52,855.19, which amount the court finds the executor is accountable for as the property of this estate."

The executor's motion for a new trial was overruled, and on July 11, 1932, Glen W. Mathews filed notice of appeal from the order of June 29, 1932. On July 28, 1932, the county court, by order duly entered, fixed the amount of the appeal bond at $300, to be in form as provided by statute, which was given and approved both as to form and sufficiency by the county court on July 28, 1932. On this same date a correct transcript of this proceeding was filed in the district court for Lancaster county, Nebraska. Thereafter in October, 1932, the district court sustained generally motions for dismissal, which had been duly filed in the cause in August, 1932, and which were each based on two grounds, viz.: (1) That the order appealed from was "not a final order but interlocutory and not appealable;" and (2) "no sufficient appeal bond has been given." From the orders of dismissal Glen W. Mathews, the executor, appeals to this court.

The record in case number 28972, so far as essential to the consideration of the present appeal, may be summarized as follows: On January 18, 1933, upon hearing on the matters reserved in the order of June 29, 1932, an order was entered in the county court of Lancaster county which surcharged the executor's account with an additional amount of $2,123.05, making the total surcharge, $54,978.24 with interest, which total sum this order or decree determined "is now due and owing from Glen W. Mathews as executor." This order also removed Glen W. Mathews as executor, and appointed Homer L. Kyle as administrator with the will annexed of this estate. Notice of appeal from this order of January 18, 1933, was duly

filed in the county court, and by that court an order was entered on February 10, 1933, whereby the amount of the appeal bond "is fixed at the sum of $200 to be in form as provided by statute." On the day last named the appeal bond in this amount was filed and approved by the county court. Transcript on appeal, containing the order of January 18, 1933, was filed in the district court for Lancaster county on February 16, 1933, and Mathews' petition on appeal was filed in the district court for Lancaster county on March 8, 1933. Thereafter the district court sustained motion of appellees to require the appellant, Glen W. Mathews, to furnish a $60,000 appeal bond by June 10, 1933. Appellant's motions for new trial were overruled, and appellant failing to comply with this order, on June 24, 1933, his appeal for this reason was dismissed.

The controlling question in the second case, number 28972, is the right of the district court to require the appellant, Glen W. Mathews, to furnish an additional appeal bond in the sum of $60,000, and, upon his failure to comply with this order, to dismiss his appeal. This, in substance, is also the controlling question presented by the record in the first case, number 28714. For, in this case last referred to, the order of dismissal entered in the district court was silent as to which of the two grounds set forth in the motion to dismiss that court's action was predicated upon. If it clearly appears that this dismissal now attacked on review was proper and may be sustained upon either of the grounds set forth in the motion, this tribunal will inquire no further.

The right to appeal to the district court from the final probate orders, judgments, or decrees of the county court is provided for by the statutes of this state. Comp. St. 1929, sec. 30-1601. The applicable provisions thereof must be substantially complied with. In the instant cases the appeals were not taken in the appellant's representative capacity as executor. They are taken solely in furtherance of his individual interests. Therefore he is

required to give bond as other suitors. *In re Williams,* 97 Neb. 726; *In re Langdon,* 102 Neb. 432; *In re Estate of Craig,* 101 Neb. 439; *In re Estate of Nelson,* 108 Neb. 296.

Among the statutory provisions regulating the exercise of this right of appeal is the requirement that "every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages and costs that may be adjudged against him." Comp. St. 1929, sec. 30-1603.

Further, section 30-1606, Comp. St. 1929, provides, after the appeal is properly lodged in the district court, for the conduct of proceedings therein as follows: "That court * * * shall proceed to hear, try and determine the same, in like manner as upon appeals brought upon the judgments of the same court in civil actions."

The language just quoted in terms by reference and implication renders pertinent to the questions presented by the instant appeals the following sections of our statutes, viz., sections 20-1901, 21-1301 to 21-1305, 21-1311, 21-1313, 27-540, Comp. St. 1929. For, "a statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute." 59 C. J. 1059.

Being *in pari materia,* these sections, including the first two quoted from above, must be taken together and construed as if they were one law, and, if possible, effect be given to every provision. *State v. Omaha Elevator Co.,* 75 Neb. 637; *State v. Royse,* 71 Neb. 1; *Downey v. Coykendall,* 81 Neb. 648; *State v. Junkin,* 87 Neb. 801; *Sheridan County v. Hand,* 114 Neb. 813.

Therefore, the parties to this appeal, being authorized to proceed therein only "in the same manner as provided by law in cases tried and determined by justices of the

peace" (Comp. St. 1929, sec. 27-540) must submit to and comply with all the statutory regulations governing the latter proceedings, except where, and to the extent the same or any part thereof are, inconsistent with the provisions of the probate act. In other words, as determined by this court in *Rogers v. Russell,* 11 Neb. 361: "Appeals from the judgments of county courts are regulated by the law governing appeals from the judgments of justices of the peace."

On this basis appellant in each of the instant appeals was required by the express words of section 30-1603, Comp. St. 1929, to "give (an appeal) bond in such sum as the court shall direct, * * * to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages and costs that may be adjudged against him." The amount of the bond is, by the terms of the statute, to be fixed by the court in the exercise of its sound judicial discretion from a consideration of the several sections of the statutes pertinent to the subject, which, as we have already seen, include all of the sections above referred to and quoted from.

Section 21-1311, Comp. St. 1929, provides: "When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages, recovered against the appellant." It will be noted that the term "the whole amount of the debt, costs and damages" employed in the paragraph last quoted is substantially identical with "all debts, damages and costs" as these words are used in section 30-1603, Comp. St. 1929. It is equally obvious from a consideration of these provisions that the trial court would fail to exact a proper appeal bond if it were fixed at such sum that the surety thereon could not be required to respond to the full scope of the statutory liability as imposed by section 21-1311, Comp. St. 1929. Indeed, this test determines the absolute

minimum of the appeal bond which may lawfully be required. It is manifest that the county court in the instant cases failed to comply with this requirement, and the bonds exacted were therefore wholly insufficient.

The remedy for this situation is found in section 21-1313, Comp. St. 1929, which fully justifies the action of the district court in its order exacting an additional bond of $60,000 in case number 28972, and the dismissal of the appeal therein because of failure to comply therewith. *Galligher v. Wolf*, 47 Neb. 589; *Gannon v. Phelan*, 64 Neb. 220.

We do not overlook the fact that in case number 28714 there was a peremptory dismissal and no opportunity was given to the appellant by the terms of this order to furnish a proper bond. But, as heretofore noted, these motions by the creditors named for a dismissal on the ground of insufficiency of the appeal bond were filed in the district court in the month of August, 1932, and the judgment of dismissal was not entered until after a hearing thereon in the month of October following. The record also fails to disclose any application on the part of appellant for leave to file a new bond. In view of these facts the principles approved by this court in *State Savings & Loan Ass'n v. Johnson*, 70 Neb. 753, are applicable and controlling, viz.:

"The sustaining of an objection to jurisdiction in the appellate court and dismissal of the appeal on that account is harmless error, where the objection was pending for at least twelve days, and appellants made no offer or application to be allowed to furnish a sufficient bond."

It would therefore follow that, in the view of the facts and law most favorable to appellant's contention, the dismissal of this appeal in case number 28714, in the absence of any application on his part to correct this bond, or file a new one, must be held to be error without prejudice. *State Savings & Loan Ass'n v. Johnson*, 70 Neb. 753, 755.

Appellant's contention that the statutory requirements

as to giving appeal bonds as a prerequisite to appeals from the county court are in contravention of section 24, art. I of the Constitution of Nebraska, we deem in principle to be fully answered in *School District v. Traver*, 43 Neb. 524, wherein we said:

"The constitutional provision which declares that 'the right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied,' does not prohibit the legislature from prescribing reasonable rules and regulations for the review of a cause by appeal, such as requiring a bond to be given."

See, also, *Hier v. Anheuser-Busch Brewing Ass'n*, 52 Neb. 144.

It follows that the action of the district court in dismissing case number 28714, and also number 28972, was substantially correct, and each of these judgments is

AFFIRMED.