## No. 15,105.

ESTATE OF CARRINGTON.
BLANDY, EXECUTRIX *v.* TAAFFE ET AL.
(143 P. [2d] 273)

Decided September 27, 1943.

Mr. BEN S. WENDELKEN, Mr. ROBERT H. LaGRANGE, for plaintiff in error.

Messrs. SHERWIN & HUNGERFORD, Mr. JOHN FERGUSON BENNETT, Mr. ALBERT B. LOGAN, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the executrix, and defendants in error as defendants.

The executrix appealed to the district court from a decision of the county court, but gave no bond. She stands upon the statute as exempting her from that obligation. Defendants say the statute does not apply, and so the district court held and dismissed the appeal. Hence, no other question is before us. If that ruling be error, the cause must be remanded for trial on the merits; if correct, the litigation is terminated.

Executrix was so named in the will of one Carrington, which disposed of a considerable estate. We are not here concerned with its provisions, save to note that the income from the estate went to the executrix during her lifetime, and thereafter the assets went to defendants. One of the latter filed a petition alleging that executrix (approximately eighty years of age) was a non-resident, was about to close the estate and remove the assets from the court's jurisdiction, charging her with incompetence and mismanagement, and requesting appointment of a bank as trustee and the surcharging of certain sums. The other defendant concurred therein

and issue was joined by answer. The executrix filed her final report, and objections thereto by defendants followed. All questions were heard by the county court and final decree entered surcharging executrix with approximately $675, appointing the bank as trustee in her stead, and directing the assets transferred accordingly. Executrix appealed to the district court. Defendants moved to dismiss for her failure to file a bond, and that motion was sustained. To review the judgment entered accordingly executrix prosecutes this writ.

If the statute does not exempt her from the duty to file an appeal bond, she has no standing here. If it does, that statute is section 243, chapter 176, '35 C.S.A. The applicable portion thereof reads: "Provided, however, that when such appeal is prosecuted by the administrator, executor, guardian or conservator of any estate, no bond shall be required."

The statute further provides that the appeal shall be allowed and prosecuted as in other cases. The applicable statute "in other cases," hence in this, provides that no appeal shall be allowed unless taken and the requisite bond filed within ten days from the date of the judgment. '35 C.S.A., c. 46, §166.

The decree here was entered January 28. March 4, thereafter no bond had been filed or tendered. After the motion to dismiss had been sustained by the district court, and motion for new trial dispensed with, counsel for executrix made an oral offer to file bond, saying, "I made this offer before, when the reporter was not in the room." It does not appear whether "before" referred to minutes or weeks. Objection to the offer was sustained. If not dispensed with by statute, the bond was of course jurisdictional and the offer to file was too late and wholly ineffectual.

Counsel for defendants say executrix appealed in her personal, not her representative, capacity, hence is not exempted from the requirement to file bond. Her counsel say, first, she is exempted absolutely by the express

language; second, if not, she nevertheless appealed in her representative capacity.

■ 1. This position is clearly untenable. It leads to the absurdity that a personal privilege is extended to one who happens to be an executor, administrator, guardian or trustee. If authorities were essential to refute it, there are many. Woerner, Am. Law of Administration (3d ed.), vol. 3, p. 1864, §1201; *Allen v. Kinder,* 150 Okla. 156, 300 Pac. 653; *In re Langdon,* 102 Neb. 432, 167 N.W. 571.

■ ■ 2. The answer to this contention is that "executrix" here is mere description. Plaintiff in error is no longer executrix. She has been removed by the county court in the discharge of its mandatory duty, and all presumptions favor the correctness of that judgment. But beyond this, she has been found derelict in the discharge of her duties, and for that dereliction held personally indebted. She sought to prosecute her appeal for the purpose of relieving herself of that personal judgment and depleting the estate to that extent. Hence, her appeal was not in her representative capacity, but in her personal capacity. She was not acting in favor of the estate, but distinctly adverse thereto. Again, if authorities are essential, see the foregoing; also, *In re Estate of Mathews,* 125 Neb. 737, 252 N.W. 210; *Fuller v. Estate of Fuller,* 7 Colo. App. 555, 44 Pac. 72.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE JACKSON dissent.