DENZEL W. PARKER AS PARKER GARAGE, APPELLANT, V. R. KEITH CHRISTENSEN, REAL NAME UNKNOWN, ET AL., APPELLEES.

219 N. W. 2d 235

Filed June 13, 1974. No. 39372.

John L. Cutright, for appellant.

Thomas B. Thomsen of Sidner, Svoboda, Schilke & Wiseman, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action commenced in the county court on an open account for repairs to a motor vehicle. The plaintiff recovered judgment in the county court. The defendants appealed to the District Court which, on November 16, 1973, tried the matter and modified the judgment substantially reducing the plaintiff's recovery. The plaintiff filed a written motion for new trial, specifying the following grounds: "1. The decision is contrary to the evidence. 2. The decision is contrary to the law. 3. No evidence was offered in or introduced to the Court upon which the decision of the Court was or could be decided." This motion was overruled on November 19, 1973. On the day following, the plaintiff filed a motion to "vacate the judgment hereto rendered on the 16th of November 1973 for the reason that no bill of exceptions is possible on the record on which it was based." On November 27, 1973, the court sustained the motion to vacate the judgment; granted a new trial; held a new trial "de novo on the record"; and rendered a judgment identical to the earlier judgment of November 16, 1973. The order following the judgment recites: "Plaintiff-Appellee orally moved for new trial. Said motion was and is hereby overruled." Although the judgment recites that an oral motion for new trial was made, none appears in the bill of exceptions and the grounds for the oral motion are unknown.

The issue raised by the plaintiff on appeal is that the judgment is contrary to the evidence. The defendants, while responding on the merits, also argue that because

of the failure of the plaintiff to file in writing a motion for new trial specifying the grounds complained of following the judgment of November 27, 1973, there is left for determination on this appeal to this court only the question of sufficiency of the pleadings to support the judgment. The defendants' position is well taken and we cannot reach the merits of the case.

We have long held that the provision of the statute, section 25-1144, R. R. S. 1943, requiring a timely written motion for new trial specifying the grounds thereof, is mandatory in order to review errors of law occurring at the trial of a law action or the sufficiency of the evidence. In Weber v. Allen, 121 Neb. 833, 238 N. W. 740, we said: "We are next confronted with the disclosure in the record that the only motions for new trial filed in the cases were oral. Section 20-1144, Comp. St. 1929 (now section 25-1144, R. R. S. 1943), requires that an application for new trial must be by motion upon written grounds filed at the time of the making of the motion. The provisions of this statute are mandatory. Carmack v. Erdenberger, 77 Neb. 592. Under the circumstances, there is no motion for new trial in either of the cases. The inquiry of this court in the action at law is limited to the sufficiency of the pleadings to support the judgment. O'Donohue v. Hendrix, 13 Neb. 255; Farris v. State, 46 Neb. 857; Slobodisky v. Curtis, 58 Neb. 211; Walker v. Burtless, 82 Neb. 214; Anderson v. Union Stock Yards Co., 84 Neb. 305. The pleadings, upon examination, disclose that they are sufficient to support the judgment of the court." The sufficiency of the evidence cannot be considered in a law action on appeal in the absence of a motion for new trial. Drainage Dist. No. 2 v. Dawson County Irr. Co., 140 Neb. 866, 2 N. W. 2d 321. The pleadings are sufficient to support the judgment.

AFFIRMED.