NEBRASKA STATE BANK, A CORPORATION, APPELLANT, V.
CHARLES R. DUDLEY ET AL., APPELLEES.
229 N. W. 2d 559
Filed May 29, 1975. No. 39635.

Leamer & Galvin, for appellant.

Donald E. O'Brien of O'Brien & O'Brien and Gary L. Johansen of Johansen, Clemens & Johansen, for appellees.

Heard before SPENCER, CLINTON, and BRODKEY, JJ., and FLORY and WHITE, District Judges.

FLORY, District Judge.

This is a replevin action brought by the plaintiff bank, appellant, against the defendants, appellees. The property involved was inventory and fixtures of a drug store and was replevied and sold before the replevin statutes were amended by the Nebraska Legislature in

1973. The trial on the merits was in March 1974. The replevin and sale were based on an admittedly unpaid promissory note and security agreement, the execution of which were admitted. By agreement of the parties the sole issue to be submitted to the jury was the right to possession at the time of the commencement of the action. The jury's verdict was for the defendants and the plaintiff appeals.

The evidence was conflicting as to whether or not the note was in default or had been extended, whether or not demands had been made for payment or possession, and whether or not plaintiff had a right to deem itself insecure.

The security agreement expressly provided: ". . . upon default Secured Party shall have the immediate right to the possession of the Collateral." It also defined default and further provided: "Upon Such Default and at any time thereafter, or if it deems itself insecure, Secured Party may declare all Obligations secured hereby immediately due and payable and shall have the remedies of a secured party under the Nebraska Uniform Commercial Code."

A cause of action accrues against a maker of a time instrument on the day after maturity and no demand is necessary. § 3-122 (1) (a), U. C. C.

Unless otherwise agreed a secured party has on default the right to take possession of the collateral without process or by action. § 9-503, U. C. C.

A clause in a chattel mortgage providing that the mortgagee may, at any time he feels insecure, treat the debt as due and take and sell the property, will not authorize the seizure and sale of the property unless the mortgagor is about to do, or has done, some act which tends to impair the security. J. I. Case Plow Works v. Marr, 33 Neb. 215, 49 N. W. 1119.

Instruction No. 2 given to the jury was for all practical purposes a verbatim recitation of plaintiff's petition. Its paragraphs were unnumbered and included in part:

"That there is now due and unpaid on said security agreement, original note and renewal note $11,161.86 together with interest thereon from May 22, 1972, at the rate of 9% per annum, and although payment has been demanded, no payments have been made; that the plaintiff deems itself insecure; that by reason of default of the payment of said note and by reason of plaintiff deeming itself insecure, plaintiff claims that it is now entitled to the possession of said property thereunder.

"That the defendants wrongfully detain said property and refuse to deliver the same to plaintiff or allow plaintiff to take possession thereof."

Instruction No. 3 given to the jury was for all practical purposes a verbatim recitation of defendants' answer. Its paragraphs were numbered and refer to specific numbered paragraphs of plaintiff's petition. The numbered paragraphs of plaintiff's petition were not designated in instruction No. 2.

Instruction No. 6 was as follows: "This is an action founded in replevin and the burden of proof is upon the plaintiff to establish *all of the material allegations of its petition* as set out in Instruction No. 2 herein and that plaintiff had the right to immediate possession of the property at the commencement of the action, and that the property was wrongfully detained by the defendants.

"Should you find that plaintiff has established each and all of the foregoing propositions by a preponderance of the evidence, then your verdict will be for the plaintiff.

"If you find that the evidence upon any one or more of the said propositions is evenly balanced or preponderates in favor of defendants, then the plaintiff cannot recover and your verdict should be for the defendants on the plaintiff's petition." (Emphasis supplied.)

Nowhere in the instructions were the material allegations of plaintiff's petition defined nor did the instructions define "right to immediate possession" or a wrongful detention by the defendants.

Instruction No. 9 was as follows: "Should you find from the evidence that the debt was in default and that the property was wrongfully detained by the defendants on the date plaintiff filed this action, then you must return a verdict in favor of the plaintiff.

"Should you find from all the evidence that the debt was not in default on the date plaintiff filed this action, then you are instructed that if you find from all the evidence that the plaintiff deemed itself insecure and that it had reasonable grounds to believe that it was insecure, your verdict shall be for the plaintiff. However, if you find that plaintiff felt itself insecure but you fail to find reasonable grounds for it to feel insecure, then you must find for the defendants."

Instruction No. 9 appears to limit the questions to be decided by the jury to those of default and whether the plaintiff had reasonable ground to feel itself insecure as opposed to instruction No. 6. The instructions contained none of the provisions of the Uniform Commercial Code concerning the rights and duties of secured creditors or the rule of law in J. I. Case Plow Works v. Marr, *supra*; nor did they contain any of the provisions of the security agreement. The copying of pleadings verbatim in the instructions has long been criticized by this court and we find in this case that the instructions were not only confusing but also lacked an accurate statement of the law.

Instructions to a jury should state clearly and concisely the issues of fact and principles of law which are necessary to enable it to properly and efficiently consider and make a determination upon the questions presented. Fulmer v. State, 178 Neb. 20, 131 N. W. 2d 657.

The proper method of presenting a case to a jury is a clear and concise statement by the court of the issues which find support in the evidence and not by substantially copying the pleadings of the parties and if, by doing the latter, it results in prejudice to the complaining party it is a sufficient ground for reversal.

We therefore reverse the judgment of the District Court and remand the cause with directions that plaintiff be granted a new trial.

REVERSED AND REMANDED WITH DIRECTIONS FOR A NEW TRIAL.