STATE OF NEBRASKA, APPELLEE, v. CURTIS L. HAYEN, APPELLANT.

272 N. W. 2d 277

Filed December 6, 1978. No. 42122.

Owens & Owens, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and RIST, District Judge.

BOSLAUGH, J.

The defendant was convicted of operating a motor vehicle while having ten-hundredths of one percent or more of alcohol in his blood and of abusing an officer. He was convicted in the county court and fined $100 on count I and sentenced to 15 days in the county jail on count II. Upon appeal to the District Court the conviction and sentence on both counts were affirmed. The defendant has now appealed to this court.

The conviction on count I was based upon an anal-

ysis of a urine sample taken after the defendant's arrest which showed an alcohol content of twenty-seven hundredths of one percent. The defendant contends that this evidence should have been excluded because he was not permitted to choose between a blood or urine test and was not allowed to have a physician of his choice evaluate his condition at the time the sample was taken. The defendant further contends that section 28-729, R. R. S. 1943, relating to abuse of an officer, is unconstitutional.

The defendant did not file a motion for new trial in the District Court and the State contends this prevents the defendant from raising any question concerning evidentiary rulings.

Generally, a motion for new trial is necessary in a law action for this court to review the sufficiency of the evidence or errors of law occurring at the trial. Parker v. Christensen, 192 Neb. 117, 219 N. W. 2d 235. A motion for new trial is necessary for consideration of errors of law or issues of fact which can be preserved only by a bill of exceptions. Progressive Design, Inc. v. Olson Bros. Manuf. Co., 190 Neb. 208, 206 N. W. 2d 832.

Although an appeal to the District Court in a misdemeanor case is heard and determined upon the record made in the county court, the same issues presented to the county court may be presented to the District Court for determination by it. § 29-613, R. R. S. 1943; State v. Clark, 194 Neb. 487, 233 N. W. 2d 898. After the appeal has been determined in the District Court, it is the determination of the issues by the District Court that may be reviewed in this court.

If review is sought as to alleged errors of law occurring at the trial or the sufficiency of the evidence, the questions must be presented to the District Court in a motion for new trial. See State v. Allen, 195 Neb. 560, 239 N. W. 2d 272. Since a motion for new trial was not filed in the District Court in

this case, the questions relating to the admissibility of the analysis of the urine sample taken from the defendant will not be considered.

The defendant contends that section 28-729, R. R. S. 1943, is unconstitutional because it is vague. The defendant argues that there is no ascertainable standard of guilt to determine what constitutes abuse of an officer.

A similar contention was considered in State v. Boss, 195 Neb. 467, 238 N. W. 2d 639 and held to be without merit. The evidence in this case clearly sustained the finding of guilt on count II.

The judgment of the District Court is affirmed.

AFFIRMED.