NEBRASKA STATE BANK, A CORPORATION, APPELLEE, V. CHARLES R. DUDLEY ET AL., APPELLANTS.

278 N. W. 2d 334

Filed May 1, 1979. No. 42077.

Donald E. O'Brien and Daniel C. Galvin of O'Brien, Galvin & O'Brien and Lawrence Hammerling, for appellants.

David R. Crary, Sandra K. Inkster, and Daryl L. Hecht of Crary, Huff, Yates & Clem, P.C., for appellee.

Heard before KRIVOSHA, C. J., CLINTON, and HASTINGS, JJ., and STUART, District Judge, and KUNS, Retired District Judge.

CLINTON, J.

This is the third appearance of this cause in this court. Nebraska State Bank v. Dudley, 194 Neb. 1, 229 N. W. 2d 559; 198 Neb. 132, 252 N. W. 2d 277. At the last trial in the District Court for Dakota County, which involved only the defendants' counterclaim against the plaintiff, the jury rendered a verdict for the plaintiff and judgment was entered thereon. No motion for a new trial was filed within 10 days after the verdict as required by statute. §§ 25-1143, 25-1144, R. R. S. 1943; Parker v. Christensen, 192 Neb. 117, 219 N. W. 2d 235. At the time of the filing of a timely notice of appeal from the judgment, the attorney for the defendants filed a late motion for a new trial, as well as an application to permit its filing. The affidavit in support of the motion to permit late filing alleges the defendants' attorney, a member of the Iowa bar, not admitted to practice in Nebraska, was ignorant of Nebraska law pertaining to the effect of failure to file a motion for new trial; the defendants were thus unavoidably prevented from filing a timely motion for new trial; and therefore

late filing should be allowed as provided by section 25-1143 (1), R. R. S. 1943. The District Court denied the motion.

The defendants now seek to escape the consequences of the failure, i.e., the limited review available in this court under such circumstances, by attacking the constitutionality of section 25-1912, R. R. S. 1943, claiming: (1) It is unconstitutionally vague and therefore it violates the due process clause of the Fourteenth Amendment to the Constitution of the United States; and (2) it violates the privileges and immunities clause of the Fourteenth Amendment to the Constitution of the United States. The defendants' contentions are not meritorious and the judgment is affirmed.

Section 25-1912, R. R. S. 1943, insofar as is pertinent, reads as follows: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal . . . and, except as otherwise provided in section 29-2306, by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court. . . . Except as otherwise provided in section 29-2306, an appeal shall be deemed perfected, and the Supreme Court shall have jurisdiction of the cause when such notice of appeal shall have been filed, and such docket fee deposited in the office of the clerk of the district court, and after being so perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional."

The statutes pertaining to new trial applicable here are sections 25-1142 and 25-1143, R. R. S. 1943. The first section defines new trial and states the grounds therefor. Section 25-1143, R. R. S. 1943, insofar as pertinent here, reads: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, except (1) where unavoidably prevented . . . ." Section 25-1144, R. R. S. 1943, prescribes the form of the motion.

Defendants argue they were misled because section 25-1912, R. R. S. 1943, says: ". . . no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional." They further complain that, if one reads the statutes pertaining to a motion for new trial, one cannot tell the effect of a failure to file a motion unless the reader goes further and examines the cases which determine that effect.

The pertinent provisions of section 25-1912, R. R. S. 1943, are not at all vague in the ordinary sense of the term; contrariwise, they are perfectly clear. The defendants took the necessary jurisdictional steps to vest jurisdiction in this court and we do have jurisdiction. By failing to file a motion for a new trial and have it ruled upon, they failed to preserve for review trial errors. Nebraska Children's Home Soc. v. Collins, 195 Neb. 531, 239 N. W. 2d 258. In a law action where no motion for new trial is filed, this court on appeal will examine the record only for the purpose of determining whether or not the judgment is supported by the pleadings.

The defendants' claim of vagueness thus rests upon the premise that everything one needs to know to perfect an appeal *and* preserve trial errors and to effectively bring all issues before this court *must*, to insure due process under the Fourteenth Amendment to the Constitution of the United States, be set forth in one section of the statutes. They cite no

authority which so holds and we can find none.

Implicit in the defendants' position is the claim they have been denied due process because they are deprived of the right of appeal under the Constitution of the United States. The Supreme Court of the United States, up to this time, has never found that a right of appeal in a civil matter is inherent in the right of due process of law, but has held otherwise. National Union v. Arnold, 348 U. S. 37, 75 S. Ct. 92, 99 L. Ed. 46; Ohio v. Akron Park District, 281 U. S. 74, 50 S. Ct. 228, 74 L. Ed. 710; Luckenback Steamship Co. v. United States, 272 U. S. 533; 47 S. Ct. 186, 71 L. Ed. 394; Nowak, Rotunda & Young, Constitutional Law, p. 499. Where the right of appeal is granted by law, due process requires only that the right be subject to exercise in a nondiscriminatory fashion. National Union v. Arnold, *supra*.

In Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 151 So. 880, the Supreme Court of Alabama was confronted with a contention similar to that made here. The petitioner there failed to properly preserve in the trial court questions for review in the Supreme Court. He contended on appeal that due process under the Fourteenth Amendment required that nonetheless the Supreme Court of Alabama review all questions raised on the appeal. The court simply said: "Such position is untenable. . . . Due process of law is provided when the party is given full opportunity to present the questions of law and fact in the trial court, with the right to reserve questions for review, and have them reviewed by the appellate courts. All this is provided for by law in an orderly administration of justice."

Although the defendants do not claim any violation of their rights under our own Constitution, we take note of the fact that Article I, section 24, provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." We have held on numerous occa-

sions that section 24 does not prevent the Legislature or this court from making reasonable rules and regulations for a review of a case on appeal. Schmidt v. Boyle, 54 Neb. 387, 74 N. W. 964; Barney v. Platte Valley Public Power and Irrigation District, 144 Neb. 230, 13 N. W. 2d 120; In re Estate of Kothe, 131 Neb. 531, 268 N. W. 464; In re Estate of Mathews, 125 Neb. 737, 252 N. W. 210; Paper v. Galbreth, 123 Neb. 841, 244 N. W. 896; School District v. Traver, 43 Neb. 524, 61 N. W. 720.

The contention that section 25-1912, R. R. S. 1943, constitutes a violation of the privileges and immunities clause of the Fourteenth Amendment is likewise without merit. That clause is: "No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States." What has already been said really answers the contention relative to "privileges or immunities." The design of the privileges and immunities clause was to insure that no state could treat a citizen of the United States, with respect to certain enumerated fundamental rights, which do not include appellate review, any differently than it treated its own citizens. Slaughter-House Cases, 83 U. S. (16 Wallace) 36, 21 L. Ed. 394 (1872). The original particular design of the privileges and immunities clause was to preserve those rights established by the Civil Rights Act and prohibit the states from violating such rights. See Raoul Berger, Government by Judiciary, C. 3, The "Privileges or Immunities of a Citizen of the United States," p. 37.

The pleadings support the judgment.

AFFIRMED.

KRIVOSHA, C. J., concurring.

I am in full agreement with the majority opinion in this case. I add this concurring opinion solely for the purpose of highlighting a matter which I believe deserves particular attention. In this case the record indicates that defendants' Iowa attorney was

joined by Nebraska counsel. The record further indicates that Nebraska counsel's name appeared on the various pleadings and on the briefs filed in this court. Yet Nebraska counsel did not appear in this court at the time of oral argument, nor does the record indicate when, if at all, Nebraska counsel participated in this matter in the trial court. It is obvious that had Nebraska counsel been more actively involved in the trial of this case, Iowa counsel might not have failed to timely file a motion for new trial.

The purpose of resident counsel joining with nonresident counsel is obvious. It is to insure that the nonresident counsel will be associated with a counsel involved in the litigation who is knowledgeable and familiar with the laws and practices of this state. By permitting his name to be affixed to a pleading or brief, a resident lawyer represents to this court that he is a part of the litigation and a counsel of record. Accordingly, he should be held accountable for the transaction of the litigation to the full extent as if there were no nonresident counsel. A resident lawyer should not permit his or her name to be affixed to pleadings or briefs unless he or she intends to be involved in the litigation and familiar with the actions taken by nonresident counsel. The failure to properly perform in a case in which counsel's name appears may give rise to subsequent disciplinary action by reason of counsel failing to act in accordance with the Code of Professional Responsibility as adopted by this court.