**GIBBONS et al. v. MISSOURI, K. & T. R. CO. et al.**

No. 20303.   Opinion Filed March 11, 1930.

Edwards & Robinson, for plaintiff in error.

Joseph M. Bryson, Chas. C. Huff, and Alexander H. McKnight, for defendants in error.

CULLISON, J.   This is an appeal from an order of the Corporation Commission of the state of Oklahoma, requiring plaintiff in error, Lon C. Gibbons, doing business as the Gibbons Outdoor Advertising Company, to remove a signboard from off the property owned in fee by Mr. Gibbons. The order was made pursuant to a complaint filed with the commission by the Missouri, Kansas & Texas Railway Company, in which it set forth that the Gibbons Outdoor Advertising Company of Altus, Okla., had constructed and built a signboard along the highway adjacent to the right of way of the Missouri, Kansas & Texas Railway, and near a highway grade crossing adjacent to the city of Mangum, Okla., and alleging that the signboard at the location in question rendered the crossing at this point hazardous on account of obstruction to the view of the trainmen, in the operation of trains crossing said highway, and also vehicular drivers approaching the railroad crossing at said point. The signboard in question is described as being 50 feet long, 14 feet high and with two 24 foot wings on either end thereof.

Upon this complaint and answer thereto a hearing was had before the Corporation Commission. The Commission found from the evidence that the signboard did in fact make the crossing dangerous as alleged in the complaint, and ordered its removal.

The parties to this appeal agree, and we

so find from an examination of the record, that the evidence adduced at the hearing before the Commission was sufficient to sustain the finding by the Commission that the signboard in question did in fact render the crossing dangerous as alleged in the complaint.

Before any evidence was presented at the hearing before the Commission, plaintiffs in error entered their objection to the jurisdiction of the Commission to make the order, which objection was by the Commission overruled.

The sole question presented to this court for judicial determination is whether or not the Corporation Commission, under the law, has the authority to issue the order herein complained of.

The authority of the Corporation Commission, if any, to order the removal of the signboard in the instant case, is found in section 3494, C. O. S. 1921, which provides:

"The Corporation Commission shall have exclusive jurisdiction to determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required, **to order the removal of all obstructions as to view of such crossings**, to alter or abolish any such crossings, and to require, where practicable, a separation of grade at any such crossing, heretofore or hereafter established." (Emphasis ours.)

Plaintiffs in error agree that the authority, if any exists, to make the order in the instant case, is granted by section 3494, supra, but contend:

"No provision is made in that section for compensation to the owner of the obstruction which is ordered removed. It is our contention that without such a provision the portion of that statute under which this order was made or the application of the statute, violates sections 23 and 24 of article 2 of the Constitution of Oklahoma."

These are grave defects in the statute, if the claim is well taken.

Section 23, art. 2, Constitution of Oklahoma, provides:

"No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law."

Section 24, art. 2, Constitution of Oklahoma, in so far as it is relevant to the issue here presented, provides:

"Private property shall not be taken or damaged for public use without just compensation. * * * "

If section 3494, supra, under which the Commission held it had authority to order the removal of the signboard in the case at bar, without compensation to the owner, did in fact attempt to confer upon the Commission the power to acquire property by condemnation proceedings, no provision having been made in said section for compensation to the owner, then it might be argued, as contended by plaintiffs in error, that the portion of said section under which the order was made is in violation of the constitutional provision forbidding the taking of private property for public use without just compensation to the owner thereof.

But this section cannot be construed as an attempt by the Legislature to confer the power of eminent domain upon the Corporation Commission, and has been so held in the case of St. L. & S. F. Ry. Co. v. Corporation Com., 95 Okla. 140, 218 Pac. 821, wherein this court said:

"Sections 3491 to 3494, inclusive, Comp. St. 1921, being Session Laws 1919, c. 53, p. 88, conferring jurisdiction upon the Commission over all public highway crossings * * * and to order the removal of obstructions as to view of such crossings * * * **does not undertake to confer the power to acquire property by condemnation proceedings upon the Corporation Commission.**" (Emphasis ours.)

We are, then, faced with the query: "What power did the Legislature by said section (3494, supra) attempt to confer upon the Corporation Commission?"

It is clear to us that the Legislature, in vesting the Commission with power to order the removal of all obstructions as to view of railway crossings, did delegate and grant to that Commission the right to remove such obstructions under the police power of the state. While it is true that the police power of the state cannot be delegated to private persons, it is equally true that part of the police power of the state may, by the Legislature, be delegated to municipalities, boards, commissions and subordinate state agencies. Owensboro R. Co. v. Todd, 91 Ky. 175, 11 L. R. A. 285; 12 C. J. 911.

In the case of Woodruff v. New York, etc., Ry. Co., 59 Conn. 63, the court held:

"That the Legislature has inherent and plenary power to prevent all things hurtful to the comfort and welfare of society, and that its action is valid when it delegates power and jurisdiction to courts and committees to adopt measures for that end."

In the present case, as we have already seen, the Legislature authorizes and gives the Corporation Commission jurisdiction to determine and prescribe the particular location of highway crossings, and **to order the removal of all obstructions as to view of such crossings;** and we see no constitutional objection to this delegation of authority.

"What is the police power of the state?"

The police power is an attribute of sovereignty, possessed by every sovereign state, and is a necessary attribute of every civilized government. It is inherent in the states of the American Union, and is not a grant derived from or under any written Constitution. In re Jacobs, 98 N. Y. 98, 50 Am. Rep. 636; Watertown v. Mayo, 109 Mass. 315, 12 Am. Rep. 694; Pierce v. New Hampshire, 5 How. 554, 12 L. Ed. 279.

Among the many attempted definitions of "police power," indicating the breadth and scope of this power, is that laid down by Justice Cooley in his work "Cooley, Constitutional Limitations," 572, in which he says that the police power of a state "embraces its whole system of internal regulation, by which the state seeks not only to preserve the public order and prevent offenses against the state, but also to establish for the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights, and to insure to each the uninterrupted enjoyment of his own so far as is reasonably consistent with a like enjoyment of rights by others." This definition has been quoted with approval by the courts of last resort in a great number of jurisdictions. 6 R. C. L. 186.

It is a matter of constitutional history that, under our American constitutional system the police power has been left to the states. It was never surrendered by the states to the general government, nor is it directly restrained by the Constitution of the United States. The only restraint on the exercise of the police power by the individual states of the Union is, therefore, that the states in the exercise of the police power shall not interfere with any power vested by the Constitution in the federal government, or deprive a citizen of the rights and liberties guaranteed to him by the federal Constitution.

"Are obstructions, as in the instant case, subject to the police power of the state?"

It is well settled that the regulation of the subject of signboards, as in the instant case, is an exercise of the police power and not an exercise of the power of eminent domain. St. Louis Gunning Adv. Co. v. City of St. Louis (Mo.) 137 S. W. 929; City of St. Louis v. Galt (Mo.) 77 S. W. 876; Thos. Cusack Co. v. City of Chicago, 267 Ill. 344, 108 N. E. 340; Cusack v. Chicago, 242 U. S. 526.

"Is the statute (sec. 3494, C. O. S. 1921) unconstitutional because it fails to provide compensation to the owner?"

It is a well-settled principle of constitutional law that all property in the jurisdiction of a state, however unqualified may be the title of the owner, is held on the implied condition or obligation that it shall not be injurious to the equal rights of others to the use and benefit of their property, and is held subject to the general police power of the state to control and regulate its use in proper cases so as to secure the general safety, the public welfare, and the peace and good order and morals of the community (6 R. C. L. 194); and, having held the regulation of the subject of signboards to be an exercise of the police power and not an exercise of the power of eminent domain, the fact that the statute does not provide compensation to the owner does not render the same unconstitutional.

This doctrine, universally recognized and approved by the courts in this country, is announced in 6 R. C. L. 201, in the following language:

"The fact that police laws and regulations prevent the enjoyment of individual rights in property without providing compensation therefor does not necessarily render them unconstitutional; the reason being that such laws are not considered as appropriating private property for public use, but simply as regulating its use and enjoyment by the owner. If he suffers injury, it is either damnum absque injuria, or, in the theory of law, he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure. Hence, it is held that acts done in the proper exercise of the police power, which merely impair the use of property, do not constitute a taking within the meaning of the constitutional requirements as to the making of compensation for the taking of property for public use, and accordingly do not entitle the owner of such property to compensation from the state or its agents, or give him any right of action for the injuries sustained. In other words, regulations which the state, in the exercise of its police power, authorizes with respect to the use of property are entirely independent of any question of compensation for such use. The question of compensation has no influ-

ence in establishing them. The exercise of the police power, therefore, differs from the exercise of the right of eminent domain, which involves the appropriation of private property to public use, and requires, in its lawful exercise, pecuniary compensation for the loss inflicted on the owner."

"Is the exercise of the police power in the instant case reasonable under all the circumstances?"

It is well settled that the state, or its agents, in the exercise of its police power can extend this power only to such measures as are reasonable under all circumstances. The means adopted must bear some real or substantial relation or be reasonably necessary for the accomplishment of a legitimate object falling within the scope of the police power, and the law or regulation must tend toward the preservation of public welfare, health, safety, or morals.

Only in cases, however, where the Legislature exceeds its police powers will the courts interfere or set up their judgment against that of the Legislature. State v. Mrozinski, 59 Minn. 465, 61 N. W. 560, 27 L. R. A. 76.

As was said by Mr. Justice Clark, speaking for the United States Supreme Court in the case of Cusack v. City of Chicago, 242 U. S. 526, 61 L. Ed. 472, the courts will interfere with the legislative authority only when it is plain and palpable that the action of such authority has no real or substantial relation to the public health, safety, morals, or to the general welfare.

Tested by the above authorities, can it be said that the act of the Legislature (sec. 3494, C. O. S. 1921) granting to the Corporation Commission the power to order the removal of obstructions as to view of such crossings, is reasonable, or a reasonable exercise of the police power of the state,— does the act reasonably tend toward the preservation of public welfare, safety, health, or morals?

It is a matter of common knowledge that many railway crossing accidents are the direct result of obstructions to the view of both the trainmen in the operation of trains across railway crossings and vehicular drivers approaching the railroad crossing at said point. It stands admitted in the case at bar that the signboard in question does in fact obstruct the view of both trainmen and travelers approaching said crossing along the highway, and that because of this fact the crossing is rendered dangerous. It is clear, then, the subject of the legislative enactment in question does bear a real and substantial relation to the health, safety, and

general welfare of the public. Clearly the law in question was enacted to protect the public from injury.

The point urged by plaintiffs in error, that the police power exercised by the Commission in the present case violates the constitutional inhibitions of our state and federal Constitutions, is not open to a more extended consideration than we have already given it, for it is a well-settled principle of constitutional law, state and federal, that the rights preserved to the individual by the Fourteenth Amendment to the federal Constitution, and allied provisions of state Constitutions, are held in subordination to the rights of society and, the protection of those rights which the state in the exercise of its police power has the inherent right to protect. St. Louis v. Meyrose Mfg. Co., 139 Mo. 560, 41 S. W. 244.

In view of what we have said above, and under the showing made in this case, we are of the opinion, and so hold, that the Corporation Commission, in the exercise of its police power as delegated to it by the state Legislature under section 3494, C. O. S. 1921, had the authority to issue the order complained of in the case at bar.

The order of the Corporation Commission (No. 4493—Nov. 20, 1928) is hereby affirmed.

HUNT, HEFNER, RILEY, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and LESTER, V. C. J., not participating. CLARK, J., dissents.

---

CLARK, J. (dissenting). The facts as stated in the majority opinion are correct. The order of the Corporation Commission appealed from was an order requiring plaintiff in error, Lon C. Gibbons, doing business as the Gibbons Outdoor Advertising Company, to remove a signboard off the property owned in fee by Mr. Gibbons. The application for removal of this property was made by the railroad company, in which it alleged that the signboard was located near the intersection of a public highway crossing and the railroad crossing and obstructed the view of travelers along the highway and of employees of the railroad company operating its trains. The order of the Commission was that Mr. Gibbons remove said signboard. The majority opinion holds that the police power extends to the regulation of signboards. Police power of the state is vested in the Legislature and not the Corporation Commission. The Legislature has never seen fit to give to the Corporation Commission jurisdiction to regulate the building of signboards in the state. Therefore the

Corporation Commission is without authority to exercise police power of the state by the regulation of signboards within the state of Oklahoma, and the order directed to the owner of a signboard on his own private property to remove the same is in excess of the jurisdiction of the Corporation Commission.

Cases cited in the majority opinion are not controlling in this case. The case of St. Louis v. Galt (Mo.) 77 S. W. 876, was a case where the city of St. Louis, in the exercise of its police power, passed an ordinance making it a misdemeanor for any one to permit weeds to grow more than one foot high on vacant lots in the city. It was held in this case by the Supreme Court of Missouri that the ordinance was within the police power of the city and not invalid. The case of Thomas Cusack Co. v. City of Chicago et al. (Ill.) 108 N. E. 340, is a case where the city of Chicago had passed an ordinance regulating signboards. The Supreme Court of Illinois held that said ordinance was within the police power of the city of Chicago to regulate signboards within the city. This case went to the Supreme Court of United States, 242 U. S. 526, upon the question of the reasonableness of the ordinance. The judgment of the Supreme Court of Illinois was affirmed. The case of St. Louis Gunning Advertising Co. v. City of St. Louis et al. (Mo.) 137 S. W. 929, was a case in which the city of St. Louis passed ordinance No. 22022, regulating the size, construction, and placing of billboards, and was held by the Supreme Court of Missouri not unconstitutional and within the police power of the city of St. Louis.

In the case at bar the Legislature has not attempted to regulate billboards or signboards within the state of Oklahoma. I agree with the law in the third paragraph of the syllabus of the majority opinion, which reads as follows:

"The regulation of the subject of signboards is a proper and lawful exercise of the state police power."

But I cannot agree that the Legislature of Oklahoma has attempted, in any way, to exercise this state police power by giving the Corporation Commission jurisdiction to regulate signboards within the state of Oklahoma. The majority opinion cites section 3494, C. O. S. 1921, which reads:

"The Corporation Commission shall have exclusive jurisdiction to determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required, to order the removal of all obstructions as to view of such crossings, to alter or abolish any such crossings, and to require, where practicable, a separation of grade at any such crossing, heretofore or hereafter established."

This section conferred police power upon the Corporation Commission to regulate highway crossings across railroads within the state, and should not be construed as conferring upon the Corporation Commission police power to regulate the building of signboards. It is true it gives the Corporation Commission jurisdiction to remove obstructions, but this only applies to obstructions upon the property owned and controlled by the railway company or the property used as a right of way or a highway, and does not extend to private property. The statute says, "to order the removal of all obstruction as to view of such crossings." The opinion extends the jurisdiction of the Corporation Commission beyond the confines of the property sought to be regulated, to wit, the railroad and highway crossings. By what yard stick shall we measure the jurisdiction of the Corporation Commission? How far from the highway does this jurisdiction extend? What class of property could the Corporation Commission order removed if it obstructed the view of the employees of the railway company operating its trains?

For the reasons stated, the order of the Corporation Commission should be reversed, with instructions to dismiss the action.