## CITY OF ARDMORE v. CHICAGO, R. I. & P. R. CO.

No. 24746.   May 21, 1935.

J. E. Williams, E. H. Williams, and William J. Williams, for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for defendant in error.

PER CURIAM. The plaintiff in error, plaintiff below, filed suit in the district court of Carter county, Okla., on the 26th day of October, 1932, and, after demurrer was sustained to said petition, filed in said court its amended petition on February 15, 1933, in which it sought to recover from the defendant in error, defendant below, $2,925, as penalty for failure of the defendant in error to properly maintain a street or road crossing in the city of Ardmore.

The facts as alleged in plaintiff's amended petition show that M street, in the city of Ardmore, Okla., at the time of the construction of defendant's railroad through said city, was a public highway, running north and south, and as such was generally used by the public; that in the construction of said railroad the said M street N. E. was obstructed, and is now, and has for more than ten years last past, been obstructed by said line of railroad, in that the railroad ties and tracks of the defendant company were above the grade of said street on said crossing, ditches were dug or washed along its right of way on said crossing, and the defendant erected or permitted to be erected on said right of way in said street a telephone pole; that by reason of such facts it was impossible for buggies, wagons, automobiles or other vehicles to cross said railroad on said street. The mayor and board of commissioners of the city of Ardmore passed a resolution demanding that the defendant construct a crossing on said street, and this resolution was duly served on the agent of the defendant on the 31st day of May, 1932. The defendant took no steps to repair said crossing and this suit followed.

A demurrer alleging that the district court of Carter county did not have jurisdiction of the subject-matter, and that the amended petition did not state facts sufficient to constitute a cause of action, was filed by the defendant in error, and an order was entered sustaining the demurrer, and when plaintiff refused to plead further and elected to stand upon its amended petition, the court entered its order dismissing the action. From the order of the court sustaining the demurrer and the judgment of the court in dismissing the action, plaintiff in error appeals.

Plaintiff in error bases its cause of action on section 1, art. 2, ch. 72, of the Session Laws of 1907-1908, found in section 5533, C. O. S. 1921, and in section 11963, O. S. 1931, reading as follows:

"It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad, within this state, to construct a crossing across that portion of its track, roadbed or right of way over which any public highway may run, and maintain the same unobstructed, in a good condition for the use of the public, and to build and maintain in good condition all bridges and culverts that may be necessary on its right of way at such crossing, and in case any railroad company or corporation fails so to construct and maintain said crossing for 30 days after written notice by the road overseer of any road district or the council or board of trustees of any city or town in this state, or 50 petitioners of any city or town who are interested (where such work or repairs are needed) to be given to the section boss, or any station agent of any railroad company, or corporation in the county (where such work or repairs are needed), it shall forfeit and pay to said county, road district, city or town complaining, the sum of $25 per day for every day said company or corporation may neglect to comply with the requirements of this section."

The defendant in error contends that the Corporation Commission of the state of Oklahoma, by virtue of sections 1, 2, 3, and 4, chapter 53 of the Act of April 2, 1919, same as sections 3658, 3659, 3660, and 3661, O. S. 1931, has exclusive jurisdiction over the construction and maintenance of public highway crossings, so that the only question to be determined in this court is whether or not sections 1, 2, 3, and 4, chapter 53 of the Act of April 2, 1919, repeal and make inoperative that part of section 1, article 2, chapter 72, of the Session Laws of 1907-1908, above quoted.

The title of the Act of April 2, 1919, provides as follows:

"An act conferring jurisdiction upon the Corporation Commission over public highway road crossings of railroads and repealing acts in conflict."

Sections 1, 2, 3, and 4 of said act provide as follows:

"The Corporation Commission is given full jurisdiction over all public highway crossings, where same cross steam or electric railroads or railways within the state of Oklahoma.

"The expense of construction and the maintenance of public highway grade crossings shall be borne by the railroad or railway company involved. For overgrade or undergrade public highway crossings over or under steam or electric railroad or railway, the assignment of cost and maintenance shall be left to the discretion of the Corporation Commission: but in no event shall the city, town or municipality be assessed with more than fifty per cent. (50%) of the actual cost of such overgrade or undergrade crossings.

"In all actions arising before the Corporation Commission, the same rules as to procedure, notice of hearing and trial, and as to appeals to the Supreme Court, shall be applicable, as are prescribed for said Commission, as to transportation companies generally, and the same rules applicable to the enforcement of other orders of the Corporation Commission as to transportation companies shall be applicable to the enforcement of any order or orders made hereunder.

"The Corporation Commission shall have exclusive jurisdiction to determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required, to order the removal of all obstructions as to view of such crossings, to alter or abolish any such crossings, and to require, where practicable, a separation of grade at any such crossing heretofore or hereafter established."

And section 6 of said Act provides as follows:

"All laws and parts of laws in conflict with this act are hereby repealed."

While the Act of April 2, 1919, does not expressly repeal section 1, article 2, chapter 72, Session Laws of 1907-1908, still, by implication, it does repeal all parts of the same which are in conflict therewith. By the former act jurisdiction of public highway crossings, where the same cross railroads, is given either to the road overseer of any road district or the council or board

of trustees of any city or town, or to 50 petitioners of any city or town who are interested; and, under the former act, a suit in the district court to recover the penalty prescribed was a proper remedy. Under section 1 of the latter act, the Corporation Commission is given full jurisdiction over all public highway crossings, where the same cross steam or electric railroads. To this extent the two acts cannot be reconciled. The former is in direct conflict with the latter. The intent of the Legislature to give the Corporation Commission this full jurisdiction is further emphasized by the very next section of the act, where it provided that:

"For overgrade or undergrade public highway crossings, * * * the assignment of cost and maintenance shall be left to the discretion of the Corporation Commission. * * *"

The only limitation being that in no event shall the city, town or municipality be assessed more than 50 per cent. of the actual cost thereof.

It must be conceded that this act gives the Corporation Commission jurisdiction over overgrade or undergrade public highway crossings. The act even goes so far as to assign to said Corporation Commission the duty of apportioning the cost of construction and maintenance of such crossings. When we bear in mind that the latter act covers not only overgrade or undergrade public highway crossings, but in so many words states that the Corporation Commission is given full jurisdiction over **all public highway crossings,** it is evident that the Corporation Commission only had jurisdiction over M street in the city of Ardmore.

The intention of the Legislature is further made manifest by section 4 of the Act of April 2, 1919, where it provides:

"The Corporation Commission shall have **exclusive** jurisdiction to determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required, to order the removal of all obstructions as to view of such crossings, to alter or abolish any such crossings, and to require where practicable, a separation of grade at any such crossing **heretofore or hereafter** established."

If the Corporation Commission has the exclusive jurisdiction, as in the section last above quoted, it had the power to direct that the crossing on M street, in the city of Ardmore, Okla., should be located on the east or west portion of the street; it had

the right to provide that certain protection appliances be constructed so that the public would be better protected from injury; it had the right to order the removal of poles, signs or other obstructions to the view of such crossing; it had the right **to alter or abolish such crossing,** and this right extended to any other crossing that had been established before or after the passage of the act. The city of Ardmore had the power to order the crossing repaired under the former act, and the Corporation Commission had the power to abolish the crossing under the latter act. If the city of Ardmore had the right to perform this duty, as prescribed under the former act, then, the provisions of the latter act just referred to are of no avail. It is evident that there is an irreconcilable conflict between the two acts, and the former, in so far as said conflict exists, is therefore repealed by the latter.

Plaintiff in error cites various decisions in support of its contention that the act of 1919 applies only to crossings which have already been constructed and not to places where no crossing has previously been opened. These cases hold that the Corporation Commission has no power to extend a public highway crossing over a railroad right of way where no crossing had been previously opened or extended across such highway. As we view it, these cases correctly state the law, and if the plaintiff in error had undertaken to establish a highway where no highway had ever been, the Corporation Commission would have no power, and it would have been the duty of the plaintiff in error to acquire its right to extend a street or highway across the highway of the defendant in error by proper legal proceedings or by purchase. But M street was a public highway and used as such at the time of the construction of the railroad of the defendant in error. It was not necessary for the city to acquire the right to cross the tracks of the defendant in error. The crossing of said M street over the railroad of the defendant in error was not properly maintained, and for that reason, and that reason only, the public had been denied the full use thereof. All that was necessary to have done was to fill in the ditches on either side of the railroad, and either lower the track or so alter or repair the crossing as to make it usable by the public. We do not consider the various decisions cited by the plaintiff in error as being applicable to the question at issue in this case. When a highway is once estab-

lished the location of the crossing, its construction and maintenance or alteration clearly comes within the jurisdiction of the Corporation Commission as provided by the Act of April 2, 1919.

The case of Midland Valley Railroad Co. v. Town of Panama et al., 158 Okla. 55, 12 P. (2d) 503, is directly in point, the first and second syllabus paragraphs reading as follows:

"The Corporation Commission is vested with authority to determine the kind of public crossing to be constructed where a public highway crosses a railroad right of way.

"The matter of procuring a right of way for a highway over a railroad's right of way and tracks is a matter within the jurisdiction of the local authorities."

In the case of M., K. & T. R. Co. v. State et al., 107 Okla. 23, 229 P. 172, this court, in construing the first section of the Act of April 2, 1919, holds that the clause in the act, as follows:

" 'The Corporation Commission is given full jurisdiction over all public highway crossings,' could not mean anything else than that no other administrative board or body has jurisdiction over such matters, the fact that section 2 of the act authorizes the Corporation Commission in overgrade or undergrade public highway crossings to make an assignment of the cost of maintenance of the same, and. the fact that in the express words the assignment of the maintenance and cost of such crossings shall be left to the discretion of the Corporation Commission, supports and carries out the original idea suggested and provided for in the first section, the only limitation placed upon the Corporation Commission being that no more than 50 per cent. of the cost of maintenance shall be assessed against the municipality, and the further fact that under section 3 hearings had in such matters shall be under the same rules and procedure, etc., as in other matters, and the same right of appeal given to the Supreme Court as in other cases, emphasize the intention of the Legislature to confer jurisdiction in such matters upon the Corporation Commission alone."

See, also, Chicago, Rock Island & Pacific Ry. Co. v. State et al., 131 Okla. 207, 268 P. 236; St. Louis-San Francisco Ry. Co. v. Corporation Commission, 95 Okla. 140, 218 P. 821; Gibbons et al. v Missouri, K. & T. R. Co., 142 Okla. 146, 285 P. 1040.

The court finds that those parts of section 1, article 2, chapter 72, Session Laws of 1907-1908, which are applicable to the case at bar are repealed by the Act of April 2, 1919, and judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry G. Davis, Kelly Brown, and Julian B. Fite in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Brown and Mr. Fite, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, O. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.