MARY FULMER, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

131 N. W. 2d 657

Filed December 11, 1964. No. 35715.

Carl D. Ganz and Flansburg, Mattson, Field, Ricketts & Sorensen, for appellant.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., James J. Duggan, and James M. Winter, for appellee.

Clarence A. Davis, for amici curiae.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH, District Judge.

YEAGER, J.

This is an eminent domain action originally instituted in the county court of Cass County, Nebraska, by the State of Nebraska, Department of Roads, in proceedings in condemnation of a permanent easement "to certain property" owned by Mary Fulmer, for the control of outside advertising on land lying within 660 feet of the controlled access lines of an interstate highway right-of-way with the measurement to be made at right angles from the centerline of the highway. The area involved is 17.8 acres out of a farm belonging to Mary Fulmer. For the purposes of this case it appears that a more extended description of the land and its boundaries is not required.

The action was instituted and prosecuted in accordance with the powers granted to the state by the Constitution and the statutes. As to this there is no controversy presented by the record. The right of the state to condemn and the manner pursued for that purpose are specifically agreed to by the parties. The right to condemn, and to condemn a right of the character involved here, is contained in section 39-1328, R. R. S. 1943, and section 39-1320.01, R. S. Supp., 1963. Special attention is directed to the relation between section 39-1320.01, R. S. Supp., 1963, and subdivision (m) of subsection (2) of section 39-1320, R. S. Supp., 1963.

It follows of course that nothing said in this opinion may be treated as any kind or character of determination of constitutionality of the legislation or of the stat-

utes to which reference may be made, or to legality of the procedure employed.

The proceedings here were commenced on January 8, 1963, by the State of Nebraska, Department of Roads, condemner, against Mary Fulmer, owner, by the filing with the judge of the county court of Cass County, Nebraska, a petition for the appointment of appraisers to appraise the value of a permanent easement which did not contemplate an actual taking of anything of a tangible character, but only a preventive right which would prohibit the use of this area of land for outdoor advertising. The purpose of the appraisal was to ascertain the value of the easement, if it had value.

A board of appraisers was duly appointed and qualified, and after investigation on January 28, 1963, it made a return fixing the value of the easement at $100.

On February 23, 1963, Mary Fulmer gave notice of appeal to the district court from the report and award of the appraisers. The appeal was perfected and on April 10, 1963, a petition on appeal was duly filed. By this appeal Mary Fulmer became plaintiff in the action and the State of Nebraska, Department of Roads, became defendant.

The substantial basis of the petition of plaintiff is that she was damaged by the taking of the easement in an amount in excess of the $100 fixed by the board of appraisers and prayed in the alternative that the original action in condemnation of the defendant be dismissed, or that the plaintiff recover damages in the amount of $5,000.

The action was, on appeal to the district court, tried to a jury which returned a verdict on the issues presented in favor of the defendant and by it denied any right of recovery of damages by plaintiff. Judgment was rendered on the verdict. From this judgment the appeal herein was taken. As ground for reversal plaintiff charges that the failure of the jury to return a verdict in her favor for damages was prejudicially erroneous.

She also contends that the judgment rendered is contrary to law and the evidence. Other assignments assert error which appeared in certain instructions given. The assignments of error relating to instructions, except as to instruction No. 5, are not comprehensibly argued in the briefs, and therefore they will not be discussed herein.

It is true that a verdict was returned in favor of the plaintiff for $25 but the record discloses that the parties have agreed that this was not related to plaintiff's claim in the action for compensation or damage. As agreed and as stated in the verdict it was for the cost of an abstract of title and has no significance in a consideration of the issues involved herein.

No question is presented herein as to the amount of damage to plaintiff or of compensation to the plaintiff, if any, but only one of whether or not she is entitled to make a substantial recovery.

Returning then to a consideration of instruction No. 5, it declared as follows: "This case involves the taking of a permanent easement for the control of outdoor advertising and does not involve the actual taking of land. The measure of damages in such a case is the difference in the reasonable market value of plaintiff's property before and after the taking of such easement."

This instruction, as is clearly declared, states that if there was allowable damage it was limited to the difference between the reasonable value of plaintiff's property before and after the taking of the easement. The value of the easement as such and of itself is not in this instruction or elsewhere in the instructions made a basis of a measure of damage or right of recovery by the plaintiff.

Article I, section 21, of the Constitution of the State of Nebraska, is the following: "The property of no person shall be taken or damaged for public use without just compensation therefor." This provision contains a measure of right of recovery. It does not however contain

any method for ascertainment or restriction upon method of ascertainment of what may be recovered pursuant to this constitutionally declared right of recovery by one whose property has been taken or damaged by a taking under the power of eminent domain.

Instruction No. 5 limits the right to recover, where as here there was no taking of property or right of use by the taker, but only the prohibition of use by the plaintiff for a particular purpose, to the difference between the reasonable market value of plaintiff's property before and after the taking of the prohibitory easement. This instruction and no other contains any exception thereto.

The question here is not that of whether or not the instruction thus limited is fully applicable in a situation such as this where no real property or tangible personal property was taken, but there was only a restriction upon use. It is of course applicable where the only question is that of the actual taking or damaging of property.

The substantial contention of the plaintiff is that in the instance here the use which was the basis of the condemnation had a value all its own, which value was proved, in consequence of which she was entitled to compensation therefor, and that the court erred in its failure to so instruct the jury in instruction No. 5 or elsewhere.

On the trial of the case the plaintiff did make proof independent of and in addition to the actual value of the land before and after the condemnation of the value of a use of the easement taken. And it is pointed out here that this evidence is in nowise controverted or denied. This proof was of a contract for the erection and maintenance of advertising signs for a period of 5 years at the rate of $40 a year, with the prospect of renewal for a longer period thereafter.

In the light of this established fact and the decisions of this court it became the duty of the court to instruct

the jury that the plaintiff was entitled to receive as damages or compensation the proved value of the easement which was taken, and in this light the plaintiff was entitled to a verdict in her favor in at least the amount undisputedly proved. Instead the verdict was totally in favor of the defendant.

Requests for instruction to the jury covering this phase of the plaintiff's right and interest were duly made but they were refused.

In Dunlap v. Loup River Public Power Dist., 136 Neb. 11, 284 N. W. 742, 124 A. L. R. 400, it was said: "The free use of that land is a property right, and whatever infringes on that must be paid for as damaging the land."

In Wahlgren v. Loup River Public Power Dist., 139 Neb. 489, 297 N. W. 833, it was said: "Anything connected with the land that would influence the market value of the land in the mind of a good faith intending purchaser would be an element for consideration in determining damage."

The principle announced and declared in these cases has been reannounced and redeclared in the following cited cases and others not cited: Quest v. East Omaha Drainage Dist., 155 Neb. 538, 52 N. W. 2d 417; Sump v. Omaha Public Power Dist., 168 Neb. 120, 95 N. W. 2d 209; Graceland Park Cemetery Co. v. City of Omaha, 173 Neb. 608, 114 N. W. 2d 29; Johnson v. Airport Authority, 173 Neb. 801, 115 N. W. 2d 426.

There are two cases containing language which on its face appears to be in conflict with the rule to which reference is made in these cited cases, but when examined it becomes apparent that there is no conflict. The language appears in Wiles v. Department of Public Works, 120 Neb. 689, 234 N. W. 918, and is quoted in Wahlgren v. Loup River Public Power Dist., *supra*. It is as follows: "The compensation for land taken by right of eminent domain is measured by its market value at the time

taken, and no evidence is admissible of its peculiar value for special reasons to its owner."

From an examination of the opinions in these and the other cases it appears that the limitation applies only to uses which were for special reason available to the owner at the time of condemnation, and which uses did not follow the land. In other words, the limitation has application to the right of a person and is not an interest which follows property.

The applicable rule as stated in Lynn v. City of Omaha, 153 Neb. 193, 43 N. W. 2d 527, which was a condemnation case, is as follows: "The purpose of instructions is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict; and, with this end in view, they should state clearly and concisely the issues of fact and the principles of law which are necessary to enable them to accomplish the purpose desired."

In this case, as pointed out herein, the plaintiff requested instruction in the area omitted by the instructions given which request was denied. In Hyndshaw v. Mills, 108 Neb. 250, 187 N. W. 780, it was said: "It is error to refuse a proffered instruction which is warranted by the evidence and correctly states the law of the case, unless the principles involved are covered by other instructions given." This principle was reannounced in Snyder v. Lincoln, 153 Neb. 611, 45 N. W. 2d 749.

The conclusion reached is that the court failed to fully and properly instruct the jury as to the issues which were presented to the jury and supported by evidence on the basis of which evidence the plaintiff was conclusively entitled to recover damages or compensation in some amount, and that this was prejudicial error.

The further conclusion is reached that the failure of the jury to, in its verdict, award damages or compensation to the plaintiff in the light of the undisputed evidence of recoverable damage or compensation was prejudicial error.

It must be said therefore that the judgment is contrary to law and that it is not sustained by the evidence.

The judgment of the district court is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., concurring in the result.

The petition filed in this case is in the form of a condemnation action under the power of eminent domain for the taking of an easement by the State on specifically described property adjacent to the interstate highway for the control of outdoor advertising thereon. The original petition of taking alleges that such taking is in accordance with the provisions of Chapter 39, article 13, R. S. Supp., 1959, and sections 76-704 to 76-724, inclusive, R. R. S. 1943. Chapter 39, article 13, R. S. Supp., 1963, provides in substance that the Department of Roads is authorized to acquire property, or an interest in property, by gift, agreement, purchase, exchange, condemnation, or otherwise, for highway purposes, including the control of outside advertising within the area adjacent to and within 660 feet of the edge of the interstate highway. The authority is to be exercised in the manner set forth in sections 76-704 to 76-724, R. R. S. 1943, the general law providing for the condemnation of private property for public use under the power of eminent domain.

The record shows that the interstate highway crosses the lands of the plaintiff, the right-of-way having been obtained from plaintiff's predecessors in title. The present action is a separate and distinct proceeding completely disassociated from the original taking for highway purposes.

The question arises as to whether or not the claim of the plaintiff is based on the taking of an easement by condemnation under the power of eminent domain or whether or not it is a claim for damages resulting from an exercise of the police power for which the Legislature has authorized a recovery.

In the instant case there is no property taken for public use nor any damage resulting from the taking of any property for such use. What we have here is a restriction on the private use of property under the police power. 1 Lewis, Eminent Domain (3d ed.), § 6, p. 13; 1 Nichols, Eminent Domain (3d ed.), § 1.42(2), p. 95, and § 1.42, p. 87; 29 C. J. S., Eminent Domain, § 7, p. 789. It is not a taking of property under Article 1, section 21, of the Constitution of Nebraska. If it is an eminent domain proceeding, as the majority opinion indicates, the enactment of sections 39-1320 to 39-1320.03, R. S. Supp., 1963, would have been wholly unnecessary to afford a basis of recovery. It is the difference in eminent domain and police power that should be made clear and strictly followed in the instant case.

"A proper exercise of the police power by the sovereign does not require the payment of compensation. Compliance with an enactment of the legislature in the exercise of the police power for purposes of health, morals, safety or welfare without compensation does not constitute a damaging or taking of property without just compensation within the meaning of the law of eminent domain. It follows, therefore, that the constitutional provisions which limit the exercise of the power of eminent domain, so that just compensation must be provided for, have no application to and impose no limitation upon the proper exercise of the police power." 1 Nichols, Eminent Domain (3d ed.), § 1.42(3), p. 100.

In Beisner v. Cochran, 138 Neb. 445, 293 N. W. 289, this court said: "A legislative enactment under the police power of the state which is regulatory in character is not violative of the due process clauses of the state and federal Constitutions because it reduces or destroys the value of property acquired under a former law.

"Neither does such an act amount to the taking or damaging of private property for public use without just compensation within the meaning of constitutional provisions on the subject."

The regulation of billboards and signs is generally conceded to be an exercise of the police power. In Gibbons v. Missouri, K. & T. Ry. Co., 142 Okl. 146, 285 P. 1040, the court said: "It is well settled that the regulation of the subject of signboards, as in the instant case, is an exercise of the police power and not an exercise of the power of eminent domain. (Citing cases.) * * * It is a well-settled principle of constitutional law that all property in the jurisdiction of a state, however unqualified may be the title of the owner, is held on the implied condition or obligation that it shall not be injurious to the equal rights of others to the use and benefit of their property, and is held subject to the general police power of the state to control and regulate its use in proper cases so as to secure the general safety, the public welfare, and the peace and good order and morals of the community (6 R. C. L. 194); and, having held the regulation of the subject of signboards to be an exercise of the police power and not an exercise of the power of eminent domain, the fact that the statute does not provide compensation to the owner does not render the same unconstitutional. * * * 'Hence, it is held that acts done in the proper exercise of the police power, which merely impair the use of property, do not constitute a taking within the meaning of the constitutional requirements as to the making of compensation for the taking of property for public use, and accordingly do not entitle the owner of such property to compensation from the state or its agents, or give him any right of action for the injuries sustained.'" See, also, City of Chicago v. Gunning System, 214 Ill. 628, 73 N. E. 1035, 70 L. R. A. 230; St. Louis Gunning Adv. Co. v. City of St. Louis, 235 Mo. 99, 137 S. W. 929; City of St. Louis v. Galt, 179 Mo. 8, 77 S. W. 876; Thomas Cusack Co. v. City of Chicago, 267 Ill. 344, 108 N. E. 340, Ann. Cas. 1916C 488; General Outdoor Adv. Co. v. City of Indianapolis, 202 Ind. 85, 172 N. E. 309, 72 A. L. R. 453.

Nothing was taken for a public use in this case. The

majority opinion is written on the theory that an easement was taken. I assert that there was no easement taken. If the majority opinion be correct that the limitation of the use of billboards on plaintiff's property is an easement put to a public use, then such easements exist where limitations are imposed by zoning restrictions, health and safety ordinances, and other limitations imposed upon private property under the police power. Such has never been the law of this state.

The power exercised in this case is the police power and not that of eminent domain. The basis for a recovery is solely the statutory authorization contained in Chapter 39, article 13, R. S. Supp., 1963.

The statute is in derogation of the common law. The procedure provided for the statutory recovery of damages is a part of the right and must be followed. But the fact that the procedure provided was that provided in condemnation under the power of eminent domain does not change the nature of the statutory wrong sought to be remedied. The right to recover is based solely on the statute and is in no way influenced by Article 1, section 21, of the Constitution.

The power of eminent domain is a sovereign power which the Legislature may delegate but not expand. The constitutional provision providing for compensation for taking or damaging property taken for a public use is a limitation on the exercise of the power. Likewise the procedure to be followed in the exercise of the power is a limitation upon the power. The power of eminent domain is the power of the state to take property for public use as limited by constitutional and statutory provisions. But here there was no taking for a public use or damaging because of such a taking; it is nothing more than a limitation of an owner's use. Any attempt to expand the power beyond the fundamental basis of the sovereign power would be in violation of this sovereign right of necessity, and consequently void. See May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448.

I agree with the result reached in the majority opinion. I submit, however, that the rationale of the opinion should be that the reasonable regulation of billboards and signs is an exercise of the police power for which a statutory remedy has been provided for the payment of damages to the owner that otherwise would be non-compensable. For the reasons stated, I concur in the result.

BROWER, J., and ROBERT L. SMITH, District Judge, join in this concurrence.