**BOARD OF COUNTY COMMISSIONERS OF CLEVELAND COUNTY, Oklahoma, Plaintiff,**

**v.**

**The CITY OF NORMAN, Oklahoma, Defendant,**

**Twenty First Judicial District Court and Elvin J. Brown, Judge, Respondents.**

**No. 44151.**

Supreme Court of Oklahoma.

June 23, 1970.

Fielding D. Haas, Benedum, Haas & Benedum, Norman, for City of Norman, petitioner.

Preston A. Trimble, Dist. Atty., Norman, for the Twenty-First Judicial District Court and Elvin J. Brown, Judge, and for Bd. of County Comm'rs of Cleveland County, Oklahoma.

BERRY, Vice Chief Justice.

Involved here is City of Norman's application for this Court to exercise superintending control and assume original jurisdiction for issuance of writ of prohibition. As styled and docketed relief sought could not have been granted. However, respondents were served and thereafter filed pleadings without objection to manner of presentation. Under these circumstances we deem it appropriate to treat the matter as sufficiently presented to permit consideration of issues raised and relief sought in this Court.

The issue involves propriety of respondents' Twenty First Judicial District and Judge thereof, denial of petitioner's objections and determination of respondents' jurisdiction to hear and determine a pending cause, brought by the Board of County Commissioners seeking declaratory judgment. Factual background derived from pleadings and exhibits discloses matters summarized.

Circumstances established necessity for signalizing a railroad crossing on Rock Creek Road within city limits. Upon advice relief could be afforded under existing statutes, petitioner requested county be approached to pay proportionate share of costs along with railroad. This provoked consideration of whether petitioner voluntarily could contribute to costs chargeable to county, and eventually resulted in recourse to attorney general's office for an opinion upon the question. Prior thereto, however, petitioner applied to Corporation Commission for determination the crossing was "extra hazardous", and to order installation of protective electronic signal devices and apportionment of costs, as provided by 17 O.S.Supp. 1965 §§ 86, 87.

Hearing was held March 13, 1970, and the matter taken under advisement by the

Referee. During the proceeding counsel for Board of Commissioners stated the Board was not opposed to installation, but was of the opinion petitioner should pay a fair share of the cost.

This same day, the Board of Commissioners brought suit in district court for declaratory judgment. The petition alleged background matters relative to petitioner's application before Corporation Commission, and requests for attorney general to construe statutes relating to costs of installation. There were further allegations the controversy was whether petitioner legally could expend municipal funds for installation crossing safety devices within city limits; the valuable right to negotiate concerning costs would be lost if the Corporation Commission determined the controversy. And, existence of actual controversy required respondent to relieve parties of uncertainty as to their rights by entering declaratory judgment construing whether petitioner voluntarily could expend funds for installation of protective crossing devices.

On March 18, 1970, the Referee filed report and findings this was an extra hazardous crossing, and recommended the commission enter an order requiring the railroad to install protective signal lights. Further, such order should require 25% to be borne by railroad, remaining 75% to be petitioner's obligation, but paid by the county as provided by law.

Board of Commissioners filed exceptions to the Referee's report, noting petitioner's failure to enter into appropriate agreement to apportion costs because of attorney general's opinion. Further, opinion which advised petitioner could not voluntarily contribute to costs was not binding upon petitioner. Response to objections was filed, calling attention to Commission's exclusive jurisdiction, and that declaratory judgment action could have no effect upon order of Corporation Commission. Hearing upon the exceptions was set for May 14, 1970.

Petitioner filed (March 16, 1970) and presented by special appearance a motion denying respondent's jurisdiction to proceed in the declaratory judgment suit.

On April 6, 1970, respondent overruled this plea, and assumed jurisdiction of the cause. At this hearing respondent limited argument to the question whether petitioner could contract with county to pay part of installation costs. This determination was made despite presentation of the questions such contract would not be binding, since Corporation Commission had exclusive jurisdiction of such matters; there was no justiciable cause in which respondent could enter declaratory judgment; respondent's threatened action constituted improper interference with petitioner's legislative processes; any judgment or order entered would conflict with statute, supra, and any order of the Commission and thus would be void and unenforceable.

Petitioner now asserts unless prohibited respondent will enter judgment, and petitioner is without adequate remedy at law. Respondent has assumed to exercise judicial power not granted by law and is making unauthorized application of judicial force, and should be prohibited from exercising further jurisdiction in the pending cause.

At the outset, in support of respondent's action, counsel urges the valuable right to negotiate sharing of expense would be lost if the question must be left to the Corporation Commission, thus application for respondent to construe statutes and enter declaratory judgment was proper. We note only that no authority is advanced, and we know of none, which requires preservation of a litigant's right to negotiate independently in an effort to resolve an issue in contravention of controlling statutes. Counsel also argues the court noted interesting questions were raised concerning the cause of action, but concluded same should be presented by demurrer and not by objection to jurisdiction.

■ An elementary principle is that "jurisdiction" is the *authority* to hear and determine a cause. Atchison T. & S. F.

Ry. Co. v. Superior Court, Okl., 368 P.2d 475. And, whether a trial court has jurisdiction over subject-matter of a cause is of primary and fundamental importance and may be raised at any time. Durham v. Sharum, 203 Okl. 426, 222 P.2d 1029. Further, prohibition will lie to prohibit a district court from attempting to proceed in a matter already properly before another office or tribunal, same being an unwarranted and unauthorized application of judicial force. Rex Truck Lines, Inc. v. Simms, Okl., 401 P.2d 520; Stewart v. Harris, Okl., 434 P.2d 902; Genet v. Smith, Okl., 400 P.2d 161; Skelly Oil Co. v. Dist. Ct., Okl., 401 P.2d 526; Hampton v. Clendinning, Okl., 416 P.2d 617; Spraker v. Carroll, Okl., 416 P.2d 946; Turk v. Coryell, Okl., 419 P.2d 555; State, etc. v. Lohah, Okl., 434 P.2d 928.

Respondent urges that of the five grounds asserted by petitioner as basis for prohibition only the contention relative to respondent's lack of jurisdiction properly could be urged under an objection to jurisdiction, other grounds relating to defensive matters. Again no authority is advanced for this conclusion. However, respondent urges and we agree, the controlling issue raised by petitioner's special plea was whether there was jurisdiction of the parties and subject-matter. Since determination of the matter upon this basis is decisive, we purposely avoid related matters presented.

Respondent urges the terminal issue:

"If as a matter of legislative policy it decides it wants to, can the City of Norman legally enter into a contract with plaintiff to share the costs of installing traffic warning devices at dangerous railroad crossings which lie within the City limits?"

It is urged the statute, 12 O.S.1961 § 1651, grants respondent jurisdiction and authority to "* * * determine rights, status, or other legal relations, including * * * any statute, municipal ordinance or other governmental regulation * * *." Coupling authority of the statute with quotation of case law that when a court has jurisdiction of the person and *the cause of action is the kind of a cause triable* in such court there exists jurisdiction and power to render any rightful judgment. Citing Parker v. Lynch, 7 Okl. 631, 56 P. 1082. Statement of the presumed controlling issue and authority cited discloses fallacy of the argument, based as it is upon the premise the action is the kind of cause over which respondent has jurisdiction. The proposition stated by respondent oversimplifies the issue.

Under 17 O.S.1961 § 81, the Corporation Commission is given full jurisdiction over all public highway crossings where same cross railroads or railways within the State. By § 84 the Commission was vested with exclusive jurisdiction to prescribe location of crossings and protection required. Section 82 prescribed manner in which costs of construction and maintenance should be borne. These statutes were considered in City of Ardmore v. Chicago R. I. P. Ry. Co., 172 Okl. 373, 45 P.2d 540. In this case we held the full jurisdiction with which the Commission was invested amounted to exclusive jurisdiction which encompassed authority to abolish a crossing. In the body of that opinion the case of Missouri, K. & T. v. State et al., 107 Okl. 23, 229 P. 172, is cited. That decision established the amendatory act of 1919, giving the Commission full jurisdiction over public highway crossings meant the Legislature intended to confer jurisdiction in such matters upon Corporation Commission alone.

In 1965 the Legislature enacted H.B. 857, now appearing as 17 O.S.Supp. 1968 §§ 86, 87. Under § 86 the Commission has authority to designate extra hazardous crossing. And "* * * said Commission shall have authority to prescribe the division of the cost of the installation of such signs, signals, gates or other protective devices between the public utility and the State or its political subdivisions * * *."

The original statute, 17 O.S.1961 § 82, specified assessment and apportionment of

actual costs of construction and maintenance of grade crossings. Enactment of § 87, supra, prescribed means and manner for payment of costs in this manner:

"Payment of state costs—All such division of costs that become an obligation of the state shall be paid from funds accruing to the credit of the State Highway Construction and Maintenance Fund under 68 O.S.1963, Supp., § 5–504(b), and all such division of costs that become an obligation of a municipal corporation or other political subdivision of the state shall be paid from the funds accruing to the various counties of the state under 68 O.S.1963 Supp., § 5–504(d). Laws 1965, c. 388, § 2."

The statutes were subject of an attorney general's opinion. We find answers given therein consistent with our views.

The Corporation Commission is vested with exclusive jurisdiction to apportion costs of protective devices installed at railroad crossings, as between the railroad, the state and its political subdivisions. Respondent's actions in respect to petitioner's plea to jurisdiction represented an unauthorized application of judicial force. Kenitex Corp. v. Coryell, Okl., 352 P.2d 894. Respondent is attempting to exercise unauthorized jurisdiction over a cause in which exclusive jurisdiction is vested in another tribunal.

Writ granted.

All Justices concur.